**David R. HARROD, Appellant,**

v.

**Bruce IRVINE, Elissa May Plattner, and Margaret May Patterson, Appellees.**

**and**

**Bruce Irvine, Cross–Appellant,**

v.

**David R. Harrod, Elissa May Plattner, and Margaret May Patterson, Cross–Appellees.**

Nos. 2007–CA–002178–MR, 2007–CA–002286–MR.

Court of Appeals of Kentucky.

Jan. 16, 2009.

As Modified May 8, 2009.

Robert W. Kellerman, Frankfort, KY, for appellant/cross-appellee David Harrod.

Paul C. Harnice, Frankfort, KY, for appellee/cross-appellant Bruce Irvine.

Elissa May Plattner and Margaret May Patterson, John B. Baughman, Squire N. Williams III, Frankfort, for appellees/cross-appellees.

Before STUMBO and THOMPSON, Judges; GUIDUGLI,[1] Senior Judge.

## OPINION

STUMBO, Judge.

David R. Harrod appeals from a summary judgment of the Franklin Circuit Court wherein the court determined that the issues raised in his intervening complaint were previously resolved in a sepa-

---

**1.** Senior Judge Daniel T. Guidugli sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

rate 1999 Franklin Circuit Court action. Harrod argues that the circuit court erred in applying *res judicata* to the present action, that the subject matter and parties of the two actions are not the same, and that the court improperly relied upon a surveyor's affidavit. Cross-appellant, Bruce Irvine, also contends that the circuit court misapplied the rule of *res judicata.* For the reasons stated below, we reverse the summary judgment on appeal.

This action has an extensive factual and procedural history. In the interest of judicial economy, and because no good purpose would be served by parroting the recitation of facts set out in the Franklin Circuit Court's September 4, 2007, Opinion and Order, we adopt its factual findings as that of this Court. The circuit court stated that:

> The present litigation is not the first dispute to arise between the parties regarding land boundaries and easement access and location. Because Defendants claim that principles of *res judicata* bar the Intervening Plaintiff from pursuing the current action, a detailed description of those prior disputes and their results is required.
>
> **A. Versailles Properties, Inc. et al. v. David R. Harrod and Connie S. Harrod, Franklin Circuit Court, Civil Action No. 99–CI–1182, Division I.**
>
> In 1972 Bruce and June Irvine sold W.H. and June May 0.55 acres of land so that the Mays could build a private roadway extending Country Lane to provide access to what is now Two Creeks Subdivision. This tract of land is shaped more or less like a thin rectangle and includes the paved extension of new Country Lane which is the private road used for ingress and egress into the Two

Creeks Subdivision and which also contains the Guardhouse and the mailbox building for Two Creeks' residents. Elissa May Plattner and Margaret May Patterson are the successors in interest of W.H. May and Betsy May on the 0.55 acre tract.[2] At this same time the Irvines received an easement across the 0.55 acre tract for ingress and egress across the 0.55 acre tract. The easement grants Irvine "... his heirs and assigns, a perpetual right-of-way for ingress and egress for grantee's (Bruce Irvine's) residence and his farming purposes over said Country Lane ..." Sometime in 1972 the Irvines built a driveway from their property to the road built by the Mays.

On April 26, 1999, Bruce Irvine ("Irvine") conveyed to David R. Harrod and Connie S. Harrod, husband and wife, a 3.534 acre tract of land at the intersection of Country Lane and the Two Creeks Subdivision (hereinafter referred to as the first Harrod tract). This tract of land bordered both Irvine's property and the 0.55 acre tract sold to the Mays. The Harrods built a home on this tract and obtained permission from the Versailles Properties, Inc., Elissa May Plattner and Margaret May Patterson, who are successors in interest of the Mays, to use the Irvines' easement.

A dispute soon arose over the location and size of the easement. The Harrods wanted to build another driveway in a different location and contended that the easement gave them the right. The May successors argued that the easement was contiguous with the Irvines' existing driveway, as it has been used since 1972. The May successors sued to enjoin the Harrods from using any ac-

---

**2.** The deed contained in the Record on Appeal at page 16 shows the parcel was owned by June R. May rather than Betsy May.

cess other than the Irvine driveway. The action resulted in a judgment which permanently enjoined David R. Harrod and Connie S. Harrod from using the entrance they constructed onto Country Lane and further provided that the use by Bruce Irvine of his paved entrance onto Country Lane since 1972 had fixed the location of his perpetual right-of-way for ingress and egress to Country Lane to that location.

The first judgment of the Franklin Circuit Court expressly stated that it did not consider the issue raised by the parties as to the location of the boundary line between the first Harrod tract and the 0.55 acre tract owned by the Mays. That issue was litigated at a later date in the prior action. The Harrods claimed that Bruce Irvine's boundary extended all the way into the pavement of Country Lane before it intersected the 0.55 acre tract which Bruce Irvine had conveyed to W.H. and Betsy May. The Franklin Circuit Court disagreed. These decisions were affirmed by the Kentucky Court of Appeals.

The second judgment of the Franklin Circuit Court expressly held that the location of the 0.55 acre tract of land owned by Elissa May Plattner and Margaret May Patterson adjoins Bruce Irvine along the previous location of a woven wire fence, which had been accepted by the parties as their common boundary since 1972. The Court permanently enjoined Harrod from using the entrance he constructed onto Country Lane and held he was trespassing over the 0.55 acre tract owned by the Defendants herein.

**B. Bruce Irvine v. Elissa May Plattner and Margaret May Patterson, Franklin Circuit Court, Civil Action No. 06–CI–1136, Division II.**

Bruce Irvine sold an additional 2.60 acre tract to David R. Harrod (the "second Harrod tract") on June 23, 2006. The second Harrod tract lies immediately adjacent to the first Harrod tract, which was the subject of the prior litigation between the parties before the Franklin Circuit Court described above. The deed from Bruce Irvine to David R. Harrod conveying the second Harrod tract also purports to convey "... a perpetual right-of-way for ingress and egress from Country Lane ..."

On August 14, 2006, Irvine filed an action against Elissa May Plattner and Margaret May Patterson claiming that a dispute had arisen as to the location of the boundary line separating their adjoining tracts of land. Irvine claimed the Defendants were attempting to claim title to a portion of the Irvine property wrongfully. On November 8, 2006, David R. Harrod intervened upon the second suit, claiming that he acquired title to his property from Irvine and the same property boundary issue presented by Irvine's complaint applied to the second Harrod tract. Elisa May Plattner and Margaret May Patterson claim that the doctrine of *res judicata* prevents Harrod from intervening in this matter and litigating the location of the boundary between his second tract and the 0.55 acre tract of land, as the matter was decided as to the entirety of the property line in the prior litigation between the parties. Harrod claims that the prior litigation only determined the boundary between the first Harrod tract and the 0.55 acre tract, and did not make any determination as to the second Harrod tract, as it was then owned by Irvine.

The circuit court then proceeded to examine the claim of Plattner and Patterson that the doctrine of *res judicata* operated to bar Harrod from intervening in the

matter and litigating the location of the boundary between his second tract and the 0.55 acre tract. It found in relevant part that the survey relied upon by the circuit court in the 1999 civil action "extended along the entire common boundary line between Bruce Irvine and Mrs. Plattner and Mrs. Patterson." It went on to determine that all issues relating to the property line were previously decided in the 1999 Franklin Circuit Court action and that there was a commonality of parties between the 1999 action and the instant action. On September 4, 2007, it rendered an order sustaining the motion for summary judgment, and this appeal followed.

Harrod now argues that the Franklin Circuit Court erred in applying the doctrine of *res judicata* to bar him from proceeding as intervening plaintiff in the instant action. His appeal centers on his contention that: 1) there was no identity of parties between the 1999 action and the instant action since the current owner of the second tract was not a party to the 1999 litigation, and 2) there was no identity of causes of action between the 1999 litigation and the instant action since the 1999 litigation did not involve the second tract. He also argues that the court improperly relied on the affidavit of surveyor Morrow that the countervailing affidavit of surveyor Maffet indicated the existence of an issue of material fact and that Harrod and Irvine are not in privity for purposes of determining the existence of *res judicata*. In sum, Harrod requests an order reversing the summary judgment and remanding the matter for further proceedings on his intervening complaint. Irvine cross-appeals and also maintains that the doctrine of *res judicata* cannot be reasonably applied to the instant action since he was not a party to the 1999 action and because the boundary of the second tract was not at issue in that action.

As the circuit court properly noted, the doctrine of *res judicata* operates to preclude repetitious actions. *Napier v. Jones,* 925 S.W.2d 193 (Ky.App.1996). In order to apply *res judicata,* there must be 1) identity of the parties between the two actions, 2) identity of the two causes of action, and 3) the prior action must have been decided on its merits. *Id.,* at 195. Claim preclusion, a subpart of *res judicata,* "bars a party from re-litigating a previously adjudicated cause of action and entirely bars a new lawsuit on the same cause of action." *Yeoman v. Commonwealth, Health Policy Bd.,* 983 S.W.2d 459, 465 (Ky.1998). "In short, the rule of *res judicata* does not act as a bar if there are different issues or the questions of law presented are different." *City of Louisville v. Louisville Professional Firefighters Ass'n,* 813 S.W.2d 804, 806 (Ky.1991), quoting *Newman v. Newman,* 451 S.W.2d 417, 419 (Ky.1970).

Harrod's argument centers on his claim that the doctrine of *res judicata* is not applicable to the instant facts because the prior proceeding and the instant matter share no identity of parties nor causes of action. We find this argument persuasive. The most compelling argument in favor of Harrod's claim of error is that the subject matter of his intervening complaint, i.e., the Harrod 2 tract, was not the subject matter of the prior action. This fact alone, we believe, demonstrates that the cause of action of the intervening complaint, to wit, the establishment of the Harrod 2 boundary, was not and could not have been at issue in the prior proceeding. Similarly, neither can it be said that Harrod was availed of the opportunity to resolve the Harrod 2 boundary issue in the prior proceeding since he did not own it at the time. At the time of the prior action, the Harrod 2 parcel was part of and con-

tiguous with the Irvine tract, and Irvine was not a party in that prior action.

We acknowledge the merit of the Franklin Circuit Court's determination that the Morrow survey established the boundary in the prior action and should serve as a basis for sustaining the motion of Plattner and Patterson for summary judgment. In the prior action, the Morrow survey was found to be controlling as to the boundary between the 0.55 acre tract (with easement) and the Harrod 1 parcel, and the circuit court in the instant matter found that it naturally follows that the Morrow survey should be controlling as to the Harrod 2 tract as well. This determination, however, goes to the merits of Harrod's intervening complaint but does not support the application of *res judicata*. Again, the doctrine of *res judicata* is applicable only where there is identity of parties and causes of action, and a determination that the prior action was adjudicated on its merits. *Napier, supra.* Since the Harrod 2 tract had not yet been carved out of the Irvine property at the time of the prior proceeding, and because the Irvine property boundary was not at issue therein, we must conclude that the cause of action of Harrod's intervening complaint is distinct from the cause of action adjudicated previously. The additional issues raised by Harrod, such as the effect of the countervailing affidavit of surveyor Maffet and the issue of privity, are moot.

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Kentucky Rules of Civil Procedure (CR) 56.03. "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.,* 807 S.W.2d 476, 480 (Ky.1991). "Even though a trial court may believe the party opposing the motion may not succeed at trial, it should not render a summary judgment if there is any issue of material fact." *Id.* Finally, "[t]he standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft,* 916 S.W.2d 779, 781 (Ky. App.1996).

When viewing the record in a light most favorable to Harrod and resolving all doubts in his favor and, given our determination that the doctrine of *res judicata* is not applicable, we cannot conclude that there are no genuine issues of material fact and that Plattner and Patterson are entitled to a judgment as a matter of law. Accordingly, we reverse the summary judgment of the Franklin Circuit Court.

THOMPSON, Judge, Concurs.

GUIDUGLI, Senior Judge, Dissents, and Files Separate Opinion.

GUIDUGLI, Senior Judge, Dissenting.

I respectfully dissent. While the majority may be correct that the trial court erred in determining that *res judicata* was applicable in this case, I believe the court was correct in granting summary judgment in this matter. As the majority points out,

the Franklin Circuit Court's determination that the Morrow survey established the boundary in the prior action and should serve as a basis for sustaining the motion of Plattner and Patterson for summary judgment. In the prior action, the Morrow survey was found to be

controlling as to the boundary between the 0.55 acre tract (with easement) and the Harrod 1 parcel, and the circuit court in the instant matter found that it naturally follows that the Morrow survey should be controlling as to the Harrod 2 tract as well.

The majority then goes on to state, "[t]he additional issues raised by Harrod, such as the effect of the countervailing affidavit of surveyor Maffet, and the issue of privity, are moot." Having so found, there are no genuine issues of material fact to be determined and summary judgment is appropriate. While the trial court addressed the issue of *res judicata* throughout its "discussion" section of the opinion and order, in the "conclusion" portion it finds that the boundary line between the parties (including both the Harrod 1 tract *and* the Harrod 2 tract) has already been determined by prior court orders. It then grants summary judgment. While the discussion as to *res judicata* may not be applicable, the finding that the boundary line has been determined and is a final determination— not subject to change—is controlling. No material issue of fact is subject to relitigation and summary judgment is appropriate. I dissent and would affirm the Franklin Circuit Court's opinion and order, although for a different reason than that "discussed" by the trial court.