RENDERED: AUGUST 4, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1452-MR

DAVID PARTIDA                                                  APPELLANT

v.                 APPEAL FROM JEFFERSON CIRCUIT COURT
                HONORABLE AUDRA J. ECKERLE, JUDGE
                ACTION NO. 22-CI-003173

INSTANT AUTO CREDIT, INC.                                APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; EASTON AND KAREM, JUDGES.

THOMPSON, CHIEF JUDGE: David Partida ("Appellant") appeals from an order

of the Jefferson Circuit Court granting the motion of Instant Auto Credit, Inc. to

dismiss Appellant's action. Appellant argues that Appellee violated the Kentucky

Consumer Protection Act[1] ("KCPA"); improperly garnished Appellant's assets

based on an incorrect amount of debt and interest rate; and, that Appellant's action

---

[1] Kentucky Revised Statutes ("KRS") 367.110 *et seq.*

is not precluded by a prior action filed by Appellee to collect a judgment. He seeks an opinion reversing the order of the Jefferson Circuit Court, and remanding the matter for further proceedings. After careful review, we affirm the order on appeal.

## FACTS AND PROCEDURAL HISTORY

On December 7, 1996, Appellant co-signed a loan to purchase a 1991 Mazda B2200 truck from Tom Payette Auto Center in Louisville, Kentucky. The loan was a retail installment contract with security agreement. Tom Payette Auto Center assigned the loan to Appellee.

Appellant and the other co-signers defaulted on the loan, and allegedly moved from the Commonwealth and took the Mazda truck with them. On February 8, 2000, Appellee filed an action in Jefferson Circuit Court (Case No. 00-CI-000912) to recover the balance of the loan. Because Appellant was no longer in the Commonwealth, Appellee served the Kentucky Secretary of State. That action resulted in a default judgment in favor of Appellee entered on June 1, 2000.

Some 22 years later, Appellee filed a non-wage garnishment with the Jefferson Circuit Court Clerk. The Clerk issued the garnishment, which Appellee then served on Appellant's bank. The default judgment in Case No. 00-CI-000912 awarded Appellee the sum of $5,524.08 plus interest at the contract rate of 25.75%

per annum from February 25, 1998. According to Appellee, the garnishment represented the debt with accrued interest in the amount of $79,475.02 plus interest at the rate of 12% per annum from April 21, 2022. The garnishment resulted in Appellee recovering $15,753.88 of the amount owed.

On May 9, 2022, Appellant filed a motion in Case No. 00-CI-000912 to quash the garnishment. In support of the motion, Appellant cited KRS Chapter 425 and related case law for the proposition that Appellee grossly misstated or otherwise miscalculated the balance due. On July 8, 2022, the circuit court entered an order denying Appellant's motion to quash the garnishment. Thereafter, Appellant appealed to this Court the denial of his motion to quash. That appeal, designated 2022-CA-0880-MR, is now pending before another panel of this Court.

On June 22, 2022, Appellant filed a complaint in Jefferson Circuit Court against Appellee alleging a violation of the KCPA, to wit, that Appellee applied the wrong interest rate to the underlying default judgment, and/or otherwise miscalculated the amount of the garnishment. The focus of his complaint was that Appellee sought to garnish an incorrect amount from Appellant in violation of the KCPA.

On July 15, 2022, Appellee filed a motion to dismiss Appellant's complaint as duplicative of Case No. 00-CI-000912. On December 1, 2022, and after considering the memoranda and arguments of counsel, the Jefferson Circuit

-3-

Court entered an order dismissing the instant action per Kentucky Rules of Civil Procedure ("CR") 12.02. This appeal followed.

## STANDARD OF REVIEW

A CR 12.02 motion to dismiss is a pure question of law; therefore, an appellate court reviews the issue *de novo. Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010).

## ARGUMENTS AND ANALYSIS

Appellant now argues that the Jefferson Circuit Court erred in dismissing Appellant's action for failure to state a claim upon which relief may be granted. Appellant argues that Appellee violated the KCPA; improperly garnished Appellant's assets based on an incorrect amount of debt and interest rate; and, that Appellant's action is not precluded by Case No. 00-CI-000912. Appellant directs our attention to various provisions of the KCPA, the purpose of which Appellant asserts is to deter conduct resulting in unfair trade practices which perpetrate a fraud and deception upon the public. Appellant argues that the question of whether Appellee violated the KCPA is a question of fact properly decided by a jury. He also points to the garnishment provisions of KRS 425.501(1), and goes on to argue that the theory of "claim preclusion" does not operate to bar the instant action because there is no similarity of the causes of action and there was no decision on the merits in Case No. 00-CI-000912. In sum, Appellant asserts that the Jefferson

Circuit Court erred in dismissing the instant action. He requests an opinion reversing the order on appeal and remanding the matter to the circuit court.

The question for our consideration is whether the Jefferson Circuit Court properly dismissed Appellant's action for failure to state a claim upon which relief may be granted per CR 12.02(f). Though the order on appeal does not address the basis for the dismissal, the record demonstrates that the circuit court was persuaded by Appellee's memorandum and arguments that the instant action is duplicative of the arguments raised in Case No. 00-CI-000912. The circuit court accepted Appellee's argument that the denial of Appellant's motion to quash the garnishment in Case No. 00-CI-000912 renders the matter *res judicata*.

> [T]he doctrine of *res judicata* operates to preclude repetitious actions. In order to apply *res judicata,* there must be 1) identity of the parties between the two actions, 2) identity of the two causes of action, and 3) the prior action must have been decided on its merits. Claim preclusion, a subpart of *res judicata,* bars a party from re-litigating a previously adjudicated cause of action and entirely bars a new lawsuit on the same cause of action. In short, the rule of *res judicata* does not act as a bar if there are different issues or the questions of law presented are different.

*Harrod v. Irvine*, 283 S.W.3d 246, 250 (Ky. App. 2009), *as modified* (May 8, 2009) (internal quotation marks and citations omitted).

The parties are identical in Case No. 00-CI-000912 and the instant action. This satisfies the first element of *Harrod*. Both actions center on

-5-

the same facts, i.e., Appellant's default of the underlying promissory note, the default judgment, Appellee's years-long effort to recover the sums owed, and the eventual garnishment. The arguments asserted in Appellant's motion to quash the garnishment in Case No. 00-CI-000912 mirror the arguments in the instant action. In both cases, Appellant argues that Appellee grossly miscalculated the sum owed and asserts that the garnishment is improper. The two causes of action are the same. Though Appellant asserts that his KCPA claim is novel and unrelated to the arguments raised in Case No. 00-CI-000912, this argument is merely a reformulation of Appellant's argument in the prior proceeding that Appellee grossly and improperly miscalculated the amount of the debt. This satisfies the second element of *Harrod*, *i.e.*, that there exists identity of two causes of action. Appellant could have raised the KCPA claim in Case No. 00-CI-000912, but did not.

When the circuit court denied Appellant's motion to quash the garnishment in Case No. 00-CI-000912, it rejected Appellant's argument that the amount of the garnishment was improper. This gives the matter finality and satisfies the third element of *Harrod*.

## CONCLUSION

By bringing two simultaneous appeals in two actions involving the same parties, the same facts, and the same or similar arguments, Appellant is

improperly prosecuting duplicative actions and seeking "two bites of the apple." Appellant unsuccessfully attempted to quash the garnishment in Case No. 00-CI-000912, and the appeal in that proceeding is now before another panel of this Court. Appellant may not bring another action hoping for a different result. This is one of many reasons why the theory of claim preclusion "bars a party from re-litigating a previously adjudicated cause of action and entirely bars a new lawsuit on the same cause of action." *Harrod*, 283 S.W.3d at 250 (citation omitted).

Finally, if the matter is remanded to the circuit court in No. 2022-CA-0880-MR, Appellant may be entitled, with leave of the circuit court, to file a supplemental pleading per CR 15.04 asserting the KCPA claim. Both parties must be given the opportunity to assert contentions about the consequences of any error in interest calculation, which includes the Default Judgment as entered. They may do so by amended or supplemental pleadings on remand in Case No. 00-CI-000912. This opinion should not be construed as foreclosing Appellant from raising a KCPA claim on remand.

For these reasons, we affirm the order of the Jefferson Circuit Court.


ALL CONCUR.

BRIEFS FOR APPELLANT:

James H. Lawson
Shelbyville, Kentucky

BRIEF FOR APPELLEE:

Darryl W. Durham
Michael R. Gosnell
Louisville, Kentucky