Garvis BURKETT, Appellant,

v.

BOARD OF EDUCATION OF PULASKI COUNTY, Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 21, 1977.

Rehearing Denied Dec. 9, 1977.

Arthur L. Brooks, Brooks & Sullivan, Lexington, for appellant.

John T. Mandt, Mandt & McEnroe, Somerset, for appellee.

Before HAYES, HOGGE and LESTER, JJ.

LESTER, Judge.

This appeal represents the second bite at the apple for with one slight variation, the general issues have heretofore been decided as between the same parties in *Board of Education of Pulaski County v. Burkett*, Ky., 525 S.W.2d 747 (1975). In the first appeal, it was decided that a tenured teacher who is removed from his position pursuant to KRS 161.790(3) and (4) is not deprived of property interests and contract rights without procedural due process, because the school board is cast into and occupies the roles of employer, investigator, accuser, prosecutor, jury and judge. Moreover, Justice Lukowsky, writing for the Court, further concluded that the process of judicial review provided by subsection six of the above mentioned statute and the form of hearing mandated by *Osborne v. Bullitt County Board of Education*, Ky., 415 S.W.2d 607 (1967) clads the tenured teacher adversely affected by board action with additional and sufficient blankets of protection. In the former appeal, appellant herein sought to disqualify the entire board based upon its multiple functions while presently he seeks to disqualify one or more members and assigns as his reason "*actual* bias" against him.

The record herein indicates that appellee conducted a hearing in 1973 which resulted in appellant's loss of employment and Burkett appealed to the circuit court which reversed the board because it was of the opinion that the termination process was a denial of due process. That judgment was reversed by the Court on May 23, 1975. Burkett pitches the present appeal upon denial of due process occasioned by an alleged actual bias of some board members using as the basis for his argument the evidence adduced upon voir dire examination of the board prior to the hearing in 1973. Since denial of due process is the issue in both appeals and since the evidentiary support for the contention was available prior to the Court's opinion, we believe the doctrine of res judicata prevents the relitigation of the same issues in a subsequent appeal and includes every matter be-

longing to the subject of the litigation *which could have been*, as well as those which were, introduced in support of the contention of the parties on the first appeal. *Sharp v. Sharp*, Ky., 516 S.W.2d 875, 878 (1974) quoting from *E. F. Prichard Co. v. Heidelberg Brewing Co.*, 314 Ky. 100, 234 S.W.2d 486 (1950). This jurisdiction incorporates the doctrine of res judicata into the law of the case rule. *Hutchings v. Louisville Trust Company*, Ky., 276 S.W.2d 461, 466 (1955). See also 5 *Am.Jur.*2d Appeal and Error § 752 at 196 and 5B *C.J.S.* Appeal and Error § 1822 at p. 191. Appellant *could and should* have raised the question of actual bias as violating due process on the first appeal. We are aware that there was no finding of fact to the effect that there was no actual bias on the part of the members of the board until after the cause was remanded but this would not have precluded its inclusion as a part of the due process argument.

 But even if we were considering this appeal without the benefit of the prior opinion of the Court, this appellant would not prevail. When a matter is appealed to this court from a judgment of a circuit court which sat without the intervention of a jury (or with an advisory jury) and the judge made findings of fact and conclusions of law, then the sole question for our determination is whether such findings are clearly erroneous. 7 W. Clay, *Kentucky Practice*, CR 52.01, Comment 8 at 161 (3rd ed. 1974). The trial judge observed that even though some of the members of appellee had previously discussed the subject matter of the charges made against Burkett with one or more of the individuals who had signed affidavits in support of the charges, nevertheless, each board member stated under oath that he could and would decide the issue solely upon the evidence introduced at the hearing. Judge Helton went on to say "(t)here is nothing in the record to suggest that they did otherwise." The transcript reveals that the circuit court reviewed the record made at the board's hearing at least twice and heard oral evidence of two members of appellee. A complete review of the record supports the trial court's determina-

tion that there was no actual or inherent bias as is suggested by appellant and therefore, the finding is not clearly erroneous. Moreover, we find nothing before us indicating personal animosity or a personal stake or interest on the part of any board member as might be necessary to show bias sufficient to deny due process as is suggested in *Hortonville School Dist. No. 1 v. Hortonville Education Association*, 426 U.S. 482, 96 S.Ct. 2308, 94 L.Ed.2d 1 (1976). This last mentioned decision stands for the principle that (at p. 9, 96 S.Ct. at p. 2314)

> [m]ere familiarity with the facts of a case gained by an agency in the performance of its statutory role does not, however, disqualify a decision-maker. *Withrow v. Larkin*, 421 U.S. 35, 47, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975).

The judgment of the Pulaski Circuit Court is affirmed.

All concur.