Earl **HUNTZINGER** and Shirley June Huntzinger, Appellants,

v.

C.A. **McCRAE**, Patricia Meigs Pitt, Rose, Short & Pitt, and Robert B. Duggan, Appellees.

No. 89–CA–2670–S.

Court of Appeals of Kentucky.

Nov. 16, 1990.

Rehearing Denied Feb. 26, 1991.

Discretionary Review Denied by Supreme Court Nov. 13, 1991.

Jerry Anderson, Lexington, for appellants.

Robert L. Templeton, Ashland, for appellees Patricia Pitt and Rose, Short & Pitt.

Charles A. McCrae, Portsmouth, Ohio, for appellee McCrae.

Dana E. Deering, Covington, for appellee Duggan.

Before HOWERTON, C.J., and HOWARD and MILLER, JJ.

HOWERTON, Chief Judge.

Earl and Shirley J. Huntzinger appeal from an order entered September 18, 1989, dismissing their complaint, and from an order entered November 16, 1989, denying their motion to set aside the order of dismissal, and denying their motion to have the Honorable Stephen N. Frazier, Special Judge, recuse himself. We affirm the orders of the Boyd Circuit Court.

This case has been before the Boyd Circuit Court three times and before this Court twice. The first instance was as a foreclosure action filed by First Bank and Trust Company (First Bank) and Kentucky Farmers Bank against the Huntzingers and others claiming an interest in some real and personal property in Boyd County. The Honorable Charles Sinnette, Judge of the Boyd Circuit Court, presided in that case, which was affirmed on appeal to this Court on June 28, 1985.

The Huntzingers then filed suit against their original attorney in the foreclosure action, the purchasers of some of the real property, and the two banks involved, alleging improper sale and disposition of proceeds of sale. Judge Sinnette recused himself and Judge Frazier, as chief regional circuit judge for the 24th Judicial Circuit, assigned himself to the case, although Special Judge Caswell P. Lane was ultimately the presiding judge. This suit was dismissed on March 27, 1986, by Judge Lane, based on issue preclusion. The court determined that the Huntzingers failed to raise the issue of improper sale and disposition in the foreclosure action even though the information was or should have been available to them, citing *Combs v. Prestonsburg Water Co.*, 260 Ky. 169, 84 S.W.2d 15 (1935), and *Gilbert v. Bowling Green Bank & Trust*, Ky., 460 S.W.2d 14 (1970). That order was affirmed by this Court on May 22, 1987, based on res judicata. This Court found that there was an identity of parties with the foreclosure action with the addition of the Huntzingers' attorney, that there was an identity of causes of action, and that the prior action had been tried on the merits. *See Newman v. Newman*, Ky., 451 S.W.2d 417 (1970).

Now the Huntzingers have filed essentially the same complaint with the Boyd Circuit Court, with the exception that the Huntzingers have replaced the banks as parties with the banks' attorneys and the law firm representing one of the banks. Then, citing unavailability for service, Judge Frazier assigned Judge Lane to preside over all pending matters in the 24th Judicial Circuit, Division One, from September 13–15, 1989. It was during this period that the complaint was dismissed by order signed on September 15, 1989, by Judge Lane, and entered September 18, 1989. The Huntzingers' motion to set aside that order and motion also to have Judge Frazier recuse himself from the case entirely were denied on November 16, 1989.

The Huntzingers now appeal to this Court, contending that the appointment of Judge Lane did not conform to the law and thus he was without jurisdiction to decide the case; that Judge Frazier should have recused himself; and that their attorney in the foreclosure suit defrauded them by

paying an inferior lien, causing the unnecessary sale of their property.

◼ We believe that Judge Lane's appointment was appropriate. The Regional Administration Program Charter, at § V.I.a, provides that when a special judge is needed, the chief regional circuit judge will "appoint a circuit judge within the region or, if none is available, request the chief regional district judge of the region to designate a qualified district judge within the region ... to serve as special judge."

The gist of the Huntzingers' complaint is that, after having appointed himself special judge upon the disqualification of Judge Sinnette, Judge Frazier then eventually appointed Judge Lane to serve as special judge for September 13–15, 1989. Presumably, this was done because Judge Frazier was unavailable to hear cases during that time and not for reasons of disqualification. Judge Frazier had earlier expressed the desire to appoint a commissioner to hear some of his special judge assignments in order to expedite these. The Huntzingers stated that they had no problem with the case being assigned to another judge but that they would prefer it not be given to a commissioner, at which time Judge Frazier elected to retain the case. It was approximately one year later that Judge Lane was appointed to dispose of some of Judge Frazier's cases. The Huntzingers apparently also object because Judge Lane's appointment did not come about via the Boyd Circuit Clerk's certifying the facts to the chief justice of the Kentucky Supreme Court. *See* KRS 26A.020(1). Rather, Judge Frazier, as chief regional circuit judge, made the appointment. The facts that Judge Frazier made the appointment, and that Judge Lane was from without rather than within the region, are not material departures from the statute or program charter.

◼ We also do not believe it was necessary for Judge Frazier to recuse himself. The Huntzingers believe that Judge Frazier was biased toward the defendants in their case because of the "irregular" appointment of Judge Lane and because of the delay of 13 months between the submission of memoranda on a motion to dismiss and the appointment of Judge Lane. We do not find these reasons sufficient to require recusal. *See Johnson v. Ducobu,* Ky., 258 S.W.2d 509 (1953).

◼ Finally, we make no determination concerning the issue of fraud in the foreclosure action. That is an issue that has either already been raised, should have been raised, or was waived in the previous actions. As this Court previously recognized in its opinion rendered May 22, 1987, the Huntzingers' complaints allege improper sale of property and improper disposition of the proceeds of sale. Essentially the same issue is raised in this appeal. "[T]he doctrine of res judicata prevents the relitigation of the same issues in a subsequent appeal and includes every matter belonging to the subject of the litigation *which could have been,* as well as those which were, introduced in support of the contention of the parties on the first appeal." *Burkett v. Board of Education of Pulaski County,* Ky.App., 558 S.W.2d 626, 627–628 (1977). This issue was one that was "properly ... involved in the scope of the [previous] proceedings, or belonged to the subject of the litigation." *Smith v. Decker,* Ky., 374 S.W.2d 487, 489 (1964); *cf. Newman, supra,* 451 S.W.2d at 419.

The orders of the Boyd Circuit Court are affirmed.

All concur.