Farhad HASHEMIAN, Appellant

v.

LOUISVILLE REGIONAL AIRPORT
AUTHORITY; C.T. Miller; and
Karen Scott, Appellees

NO. 2015–CA–000741–MR

Court of Appeals of Kentucky.

RENDERED: JULY 1, 2016; 10:00 A.M.

Brief for Appellant: Farhad Hashemian, pro se, Louisville, Kentucky

Brief for Appellees: Bethany A. Breetz, Demetrius O. Holloway, Karen M. Paulin, Louisville, Kentucky

BEFORE: ACREE, STUMBO AND TAYLOR, JUDGES.

*OPINION*

STUMBO, JUDGE:

Appellant, Farhad Hashemian, appeals from an order of the Jefferson Circuit Court which granted summary judgment in favor of Appellees. We find no error and affirm.

Appellant was employed by the Louisville Regional Airport Authority (LRAA) until he was terminated in 2009. On December 10, 2009, Appellant filed suit against Appellees and others in the United States District Court for the Western District of Kentucky, Louisville Division. Appellant raised claims arising out of his employment with and termination by the LRAA. On April 26, 2013, the court entered summary judgment in favor of the defendants and dismissed all claims asserted by Appellant. Appellant then appealed to the Sixth Circuit Court of Appeals, which eventually affirmed the district court's judgment. Appellant then filed a petition for *writ of certiorari* with the United States Supreme Court. That petition was denied.[1]

---

1. The petition was not denied until after Appellant appealed the current adverse state judgment.

On November 3, 2014, Appellant filed the current underlying suit in the Jefferson Circuit Court. Appellant raised claims alleging discharge in violation of public policy, violation of the Kentucky Whistleblower Act, and age discrimination in violation of the Kentucky Civil Rights Act. These claims were not raised in Appellant's federal cause of action. On November 24, 2014, Appellees filed a motion for summary judgment which asserted that the claims brought in the state action were barred by the doctrine of *res judicata*. The trial court agreed with Appellees' argument and granted the motion for summary judgment. This appeal followed.

 Appellant argues that the doctrine of *res judicata* does not apply in this case because the claims raised in the state action were not raised in the federal action and that the federal action was not complete. We disagree and believe the trial court properly granted summary judgment.

The standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law. Kentucky Rules of Civil Procedure (CR) 56.03 .... "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky.1991). Summary "judgment is only proper where the movant shows that the adverse party could not prevail under any circumstances." *Steelvest*, 807 S.W.2d at 480, *citing Paintsville Hospital Co. v. Rose*, 683 S.W.2d 255 (Ky.

1985). Consequently, summary judgment must be granted "[o]nly when it appears impossible for the nonmoving party to produce evidence at trial warranting a judgment in his favor...." *Huddleston v. Hughes*, 843 S.W.2d 901, 903 (Ky.App.1992)[.]

*Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App.1996).

[T]he doctrine of *res judicata* operates to preclude repetitious actions. *Napier v. Jones*, 925 S.W.2d 193 (Ky.App.1996). In order to apply *res judicata*, there must be 1) identity of the parties between the two actions, 2) identity of the two causes of action, and 3) the prior action must have been decided on its merits. *Id.*, at 195. Claim preclusion, a subpart of *res judicata*, "bars a party from re-litigating a previously adjudicated cause of action and entirely bars a new lawsuit on the same cause of action." *Yeoman . v. Commonwealth, Health Policy Bd.*, 983 S.W.2d 459, 465 (Ky.1998).

*Harrod v. Irvine*, 283 S.W.3d 246, 250 (Ky.App.2009).

"[T]he doctrine of *res judicata* prevents the relitigation of the same issues in a subsequent appeal and includes every matter belonging to the subject of the litigation *which could have been*, as well as those which were, introduced in support of the contention of the parties on the first appeal." *Burkett v. Board of Education of Pulaski County*, 558 S.W.2d 626, 627–28 (Ky.App.1977).

*Huntzinger v. McCrae*, 818 S.W.2d 613, 615 (Ky.App.1990) (emphasis in original).

 Appellant argues that the second and third requirements for *res judicata* are not present in this case.[2] Appellant

---

2. It is undisputed that the federal and state cases included the same parties; therefore, there is an identity of parties.

claims that because he raised different claims in the state cause of action there is not an identity of the two causes of action. We disagree.

■ "Identity of causes of action means an 'identity of the facts creating the right of action and of the evidence necessary to sustain each action.' *Westwood Chemical Co. v. Kulick,* 656 F.2d 1224, 1227 (6th Cir.1981)." *Sanders Confectionery Products, Inc. v. Heller Fin., Inc.,* 973 F.2d 474, 484 (6th Cir.1992). In the case at hand, the facts and evidence presented in the state cause of action are the same as those presented in the federal case. Both causes of action arose from Appellant's employment and termination. *Res judicata* bars not only those claims previously raised, but those which could have been raised in the prior action.

■ Appellant also argues that *res judicata* should not apply because his federal case was not final when the state trial court granted summary judgment. He claims that because his *writ of certiorari* was still pending, the federal case had not been "decided." Again, we disagree.

The Sixth Circuit Court of Appeals filed its disposition of the federal case on June 13, 2014. It then filed its mandate on September 2, 2014. The filing of a man-date made the Sixth Circuit Court of Appeals decision final. Fed. R. App. P. 41; *United States v. Swan,* 327 F.Supp.2d 1068, 1069 (D.Neb.2004); *United States v. Russo,* 550 F.Supp. 1315, 1317 (D.N.J. 1982). The Federal Rules of Appellate Procedure allow a party to request a stay of the mandate pending the filing of a petition for *writ of certiorari,* Fed. R. App. P. 41(d)(2); however, Appellant did not request such a stay. Even though Appellant petitioned for a *writ of certiorari,* his case was final pursuant to the federal rules; therefore, the third requirement for *res judicata* is satisfied.

Appellees were entitled to summary judgment as a matter of law. Appellant could have raised the current issues during his federal cause of action, but did not. *Res judicata* prevents him from litigating the current cause of action; therefore, we affirm the trial court's judgment.

ALL CONCUR.