RENDERED: JULY 28, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0068-MR

WILL MCGINNIS                                                    APPELLANT

|  |  |
|---|---|
| v. | APPEAL FROM FAYETTE CIRCUIT COURT<br>HONORABLE THOMAS L. TRAVIS, JUDGE<br>ACTION NO. 02-CI-02278 |

DIOCESE OF COVINGTON                                   APPELLEE

AND

NO. 2022-CA-0714-MR

WILL MCGINNIS                                                    APPELLANT

|  |  |
|---|---|
| v. | APPEAL FROM FAYETTE CIRCUIT COURT<br>HONORABLE THOMAS L. TRAVIS, JUDGE<br>ACTION NO. 22-CI-00387 |

ROMAN CATHOLIC DIOCESE OF
COVINGTON AND ROMAN
CATHOLIC DIOCESE OF
LEXINGTON                                              APPELLEES

<u>OPINION AND ORDER</u>
<u>AFFIRMING</u>

** ** ** ** **

BEFORE:  ACREE, CALDWELL, AND MᴄNEILL, JUDGES.

CALDWELL, JUDGE:  Will McGinnis appeals from an order of the Fayette Circuit Court denying his motion pursuant to CR[1] 60.02 and a separate order granting a motion to dismiss.  We affirm both orders.  We further find sufficient cause not to dismiss No. 2022-CA-0068-MR.

**FACTS**

In 1983, McGinnis was a student at Christ the King parish school in Lexington.  He was sexually abused by a parish priest while in the eighth grade and in the summer following that school year.  Ten years later, when McGinnis was approximately twenty-five years old, he wrote a letter to the Bishop of the Diocese of Lexington and informed the leader of the abuse he suffered eleven years before.  The Diocese of Lexington offered to provide counseling for McGinnis, but he did not accept the offer.

In 2002, McGinnis filed a complaint against both the Diocese of Covington and the Diocese of Lexington seeking compensation for the sexual abuse he suffered by the priest who had been transferred to the Diocese of

---

[1] Kentucky Rules of Civil Procedure.

-2-

Lexington from the Diocese of Covington when the former was created.[2]  The

Fayette Circuit Court dismissed the suit within weeks of its filing, finding that it

was filed outside the applicable statute of limitations.[3]  That determination was

---

[2] The Diocese of Lexington was established in 1988 by Pope John Paul II.  The Diocese was formed from parts of the Archdiocese of Louisville and the Diocese of Covington.  *See* Connelly, Allison and Sparks, Andrew; *Part I, Independent Investigation of Diocese of Lexington Regarding The Protection of Children and Young People by Catholic Clergy*, August 14, 2020, https://www.bishop-accountability.org/diocesan_lists/Lexington/2020_08_17_Lexington_ Report_Update.pdf (last accessed Jul. 24, 2023).

[3] A civil action for damages suffered as a result of child sexual abuse or assault shall be brought before the expiration of the latest time periods specified in KRS 413.249(2):

> (a) Within five (5) years of the commission of the act or the last of a series of acts by the same perpetrator;
>
> (b) Within five (5) years of the date the victim knew, or should have known, of the act; or
>
> (c) Within five (5) years after the victim attains the age of eighteen (18) years.

KRS 413.249(2) as it was enacted at the time McGinnis' suit was filed in 2002.  The statute has since been amended several times and reads as follows at the time of the issuance of this Opinion:

> A civil action for recovery of damages for injury or illness suffered as a result of childhood sexual assault or abuse shall be brought before whichever of the following periods last expires:
>
> > (a) Within ten (10) years of the commission of the act or the last of a series of acts by the same perpetrator;
> >
> > (b) Within ten (10) years of the date the victim knew, or should have known, of the act;
> >
> > (c) Within ten (10) years after the victim attains the age of eighteen (18) years; or
> >
> > (d) Within ten (10) years of the conviction of a civil defendant for an offense included in the definition of childhood sexual assault or abuse.

affirmed by this Court on appeal.  *See McGinnis v. Roman Catholic Diocese of Covington*, No. 2002-CA-001610-MR, 2003 WL 22111094 (Ky. App. Sep. 12, 2003) (*McGinnis I*).

In that opinion, this Court discussed the case of *Roman Catholic Diocese of Covington v. Secter*, wherein this Court held that when a defendant has been shown to have obstructed "the prosecution of a cause of action" the statute of limitations might be tolled to account for such obstruction.  966 S.W.2d 286, 290 (Ky. App. 1998).  In that first appeal, this Court determined that tolling was not proper in McGinnis' case because he made no allegation the Diocese of Covington concealed any sexual abuse of minors by the priest he accused of abusing him.[4]

---

[4]      In bringing a cause of action for personal injury such as in this case, the statute of limitations may be tolled where the defendant absconds, conceals himself, or "by any other indirect means obstructs the prosecution of the action[.]"  KRS 413.190(2).  "Obstruction might also occur where a defendant conceals a plaintiff's cause of action so that it could not be discovered by the exercise of ordinary diligence on the plaintiff's part."  *Rigazio* [*v. Archdiocese of Louisville*, 853 S.W.2d 295, 297 (Ky. App. 1993)].  The Diocese clearly obstructed the prosecution of Secter's cause of action against it by continually concealing the fact that it had knowledge of Bierman's problem well before the time that Secter was abused as well as the fact that it continued to receive reports of sexual abuse of other students during part of the time period in which Secter was abused.

Furthermore, "where the law imposes a duty of disclosure, a failure of disclosure may constitute concealment under KRS 413.190(2), or at least amount to misleading or obstructive conduct."  *Munday v. Mayfair Diagnostic Lab.*, Ky., 831 S.W.2d 912, 915 (1992).  KRS 199.335, the statute in effect when these incidents occurred, imposed a legal duty on any person to report child abuse to law enforcement authorities.  The Diocese failed to comply with this

In 2005, McGinnis filed a motion in the Fayette Circuit Court pursuant to CR 60.02. In that motion, he argued the trial court erred in not considering evidence concerning the removal of the priest possessed by the Diocese of Lexington as well as a letter he had received; said letter having alleged that the priest who abused him had been abused by a priest as a child and that the Diocese of Covington should have known such abuse would predispose the priest to abuse others. The trial court found the letter did not support a finding that the Diocese of Covington had any knowledge of the background of the priest who abused him and denied the motion. This Court affirmed, finding the circuit court did not abuse its discretion in denying CR 60.02 relief. *See McGinnis v. Roman Catholic Diocese of Covington*, No. 2006-CA-000101-MR, 2007 WL 29641 (Ky. App. Jan. 5, 2007), *as modified* (Jan. 19, 2007) (*McGinnis II*).

In 2021, more than fourteen years after this Court rendered *McGinnis II*, McGinnis filed a second motion pursuant to CR 60.02 once again seeking to reopen the 2002 lawsuit. McGinnis based his motion on a report compiled by Professor Allison Connelly of the University of Kentucky Rosenberg College of Law and Andrew Sparks of the Dickinson-Wright law firm in Lexington.

---

duty, and such failure constitutes evidence of concealment under KRS 413.190(2). (Footnote omitted).

*Secter*, 966 S.W.2d at 290.

Professor Connelly and Mr. Sparks investigated and filed the report at the behest of the Diocese of Lexington. Their investigation was an independent review of the Diocese's files and records before "releasing the names of priests against whom one or more allegations of sexual abuse have been found to be substantiated or credible." The report revealed that the Diocese of Lexington had no paperwork in its files concerning a priest who had previously served in the Diocese of Covington before the creation of the Diocese of Lexington, and who was found to have substantiated allegations of child sexual abuse.

Believing documentation existed which supported his allegation that the Diocese of Covington was aware of his alleged abuser's background, McGinnis argued that such documentation was removed from the files and that such action or conduct would justify tolling of his claim because it constituted concealment or obstruction per the *Secter* case. Professor Connelly filed an affidavit in the Fayette Circuit Court in which she clarified that the priest McGinnis accused was *not* one of the priests whose file appeared to be incomplete. On the basis of that affidavit, the trial court denied the motion and McGinnis filed this appeal.

Within weeks of the entry of the order denying the CR 60.02 motion, McGinnis filed a separate action making the same allegations of abuse and naming the Dioceses of Covington and Lexington as defendants. Both Dioceses filed motions to dismiss the matter. The trial court granted the Dioceses' motions,

finding any claims made in McGinnis' motion were barred by the doctrine of *res judicata.* McGinnis appeals that determination.

Both matters are now before this Court. Having reviewed the records, the orders, and the briefs of the parties, we affirm the circuit court in both cases.

## STANDARD OF REVIEW

This Court reviews denials of CR 60.02 motions for an abuse of discretion.

> Our standard of review for a trial court's denial of a CR 60.02 motion is abuse of discretion. *Fortney v. Mahan*, 302 S.W.2d 842, 843 (Ky. 1957). The test for abuse of discretion is whether the trial court's decision is arbitrary, unreasonable, unfair, or unsupported by legal principles. *Goodyear Tire & Rubber Co. v. Thompson*, 11 S.W.3d 575, 581 (Ky. 2000).

*Lawson v. Lawson*, 290 S.W.3d 691, 693-94 (Ky. App. 2009).

The granting of a motion to dismiss is reviewed *de novo.* "We review a circuit court's ruling on a motion to dismiss . . . *de novo*, owing no deference to the circuit court on a question of law. *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010)." *Greissman v. Rawlings and Associates, PLLC*, 571 S.W.3d 561, 565 (Ky. 2019).

## ANALYSIS

Because there are two orders of the circuit court being appealed herein, we will discuss the orders separately.

*A. Order on CR 60.02 Motion*

The first of the two orders from which McGinnis appeals is the order of the trial court denying his CR 60.02 motion, which he filed in October of 2021. It must be remembered that the action which McGinnis sought to reopen was filed in 2002 alleging actions which occurred in the mid-1980s.

McGinnis relied upon the report of Connelly and Sparks, commissioned by the Diocese of Lexington. He alleged the report indicated that the investigation conducted uncovered the failure of the Diocese of Covington to turn over any personnel papers concerning priests who served parishes in that Diocese when the Diocese of Lexington was created and carved out of the Diocese of Covington and the Archdiocese of Louisville. McGinnis alleged the priest who sexually abused him (which allegation was recognized as substantiated in the report) was one of those priests and argued that such failure to turn over personnel papers was indicative of obstruction on the part of the Diocese of Covington.

Professor Connelly provided an affidavit that the priest found to have sexually abused McGinnis was not one of the priests for whom no personnel papers were provided to the new Diocese of Lexington by the Diocese of Covington. On the basis of that evidence, and with McGinnis' providing no evidence whatsoever of his allegation that the Diocese of Covington intentionally covered up any knowledge that the priest was abusive, the trial court denied his

motion to reopen his 2002 complaint. As previously referenced, in *McGinnis I*, this Court indicated that *Secter* provided a basis for tolling the statute of limitations when the defendant could be shown to have obstructed the prosecution of a case or acted to conceal evidence which would provide support for a complaint. McGinnis made this allegation in his first CR 60.02 motion and the circuit court held he failed to provide sufficient evidence that any concealment or obstruction on the part of either Diocese had occurred; this Court affirmed that holding. Apparently hoping the Connelly and Sparks Report would provide sufficient evidence, McGinnis filed a successive CR 60.02 motion. The trial court, however, after holding a hearing and reviewing the matter, determined there was no evidence of concealment or obstruction as to the priest McGinnis accused, and denied the relief.

The standard of review here remains the same as it was in 2007 when this Court found the trial court did not abuse its discretion in not finding sufficient evidence of obstruction or concealment to necessitate tolling the statute of limitations. We reach the same conclusion. It was not an abuse of discretion for the trial court to deny the CR 60.02 motion because there was no evidence that

either Diocese acted to conceal or obstruct, which might form a basis for tolling. We affirm the decision of the Fayette Circuit Court.[5]

### b. Order on Motions to Dismiss

Following the denial of his CR 60.02 motion, and after filing the notice of appeal challenging that denial, McGinnis filed a complaint seeking the same relief as he had sought in *McGinnis I.* Counsel for both Dioceses filed motions to dismiss with the Diocese of Lexington citing the statute of limitations and the Diocese of Covington citing *res judicata.* The trial court granted both motions to dismiss. The court held the subsequent complaint was barred by claim preclusion, finding that the parties and claims were the same in both actions and that the matter had been resolved on the merits previously.

As the granting of a motion to dismiss is reviewed *de novo*, we need not give any deference to any determinations of the trial court. We agree, however, that the claims against both Dioceses were barred by claim preclusion.[6]

---

[5] The Diocese of Covington also argues that pursuant to CR 73.03(1), McGinnis failed to include an indispensable party when he did not include the Diocese of Lexington on the notice of appeal after naming them in the original complaint and in the motion being appealed. Because we have found that the trial court did not err in denying the relief, we have determined to not dismiss this appeal for the failure to include the Diocese of Lexington. *See Cates v. Kroger*, 627 S.W.3d 864, 875 (Ky. 2021) ("To be clear, we strongly caution future litigants to be more careful in the future as jurisdictional defects are almost always fatal. But today because the party unmentioned was aware of the arguments raised, received notice, and was not prejudiced we have chosen to look past this flaw.").

[6] *Res judicata* consists of both claim preclusion and issue preclusion. The doctrine of claim preclusion requires identity of the parties, identity of the causes of action,

-10-

McGinnis brought an action alleging the same causes of action against the same defendants and those claims were previously decided on the merits in that it was determined that the claims were barred by the statute of limitation.

> Res judicata, being the older term, is also sometimes thought of as an umbrella doctrine that contains within it both claim and issue preclusion. *See, e.g.*, *Yeoman v. Com., Health Policy Bd.*, 983 S.W.2d 459, 464-65 (Ky. 1998) ("The doctrine of res judicata is formed by two subparts: 1) claim preclusion and 2) issue preclusion."). Claim preclusion "is synonymous with res judicata in its strict sense." Bryan A. Garner, *A Dictionary of Modern Legal Usage* 159 (2d ed.1995). Nevertheless, the term "claim preclusion" is often preferable to the term "res judicata," if only for the sake of clarity and to use a term that parallels "issue preclusion." *See, e.g.*, *Yeoman*, 983 S.W.2d at 465 n.2 ("In this opinion we employ the term claim preclusion to refer to the doctrine which bars subsequent litigation of a cause of action which has previously been adjudicated. The term issue preclusion is employed to refer to the doctrine which prohibits issues which were adjudicated in a previous lawsuit from being relitigated in a subsequent lawsuit. Res judicata is the Latin term which encompasses both issue and claim preclusion and is not to be used as synonymous with either individually, but rather equally with both. Collateral estoppel is a term used by some to refer to issue preclusion, but for simplicity's sake, we shall not use it in this opinion."); see also Allen D. Vestal, *The Constitution and Preclusion/Res Judicata*, 62 Mich. L.Rev. 33, 33-34 (1963-64) (urging use of the terms

---

and a resolution of the action on the merits. Issue preclusion bars parties "from relitigating any issue actually litigated and finally decided in an earlier action." As stated by the Kentucky Supreme Court, *res judicata* "is basic to our legal system and stands for the principle that once the rights of the parties have been finally determined, litigation should end."

*Jellinick v. Capitol Indem. Corp.*, 210 S.W.3d 168, 171-72 (Ky. App. 2006) (citations omitted).

claim and issue preclusion).  As used below, especially in quotations from earlier decisions, res judicata is used primarily to mean claim preclusion.

Res judicata, in the sense of claim preclusion, "is basic to our legal system and stands for the principle that once rights of the parties have been finally determined, litigation should end."  *Slone v. R & S Mining, Inc.*, 74 S.W.3d 259, 261 (Ky. 2002).  Or as the term has been more thoroughly defined:

> "[T]he doctrine of res judicata prevents the relitigation of the same issues in a subsequent appeal and includes every matter belonging to the subject of the litigation which could have been, as well as those which were, introduced in support of the contention of the parties on the first appeal."

*Huntzinger v. McCrae*, 818 S.W.2d 613, 615 (Ky. App. 1990) (*quoting Burkett v. Board of Ed. of Pulaski County*, 558 S.W.2d 626, 627-28 (Ky. App. 1977)) (alteration in original).  The very purpose of the doctrine of res judicata is to preclude repetitious actions.  *Harrod v. Irvine*, 283 S.W.3d 246, 250 (Ky. App. 2009).  Three elements must be met for the rule to apply:  (1) there must be an identity of parties between the two actions; (2) there must be an identity of the two causes of action; and (3) the prior action must have been decided on the merits.  *Id*.

*Miller v. Administrative Office of Courts*, 361 S.W.3d 867, 871-72 (Ky. 2011).

## CONCLUSION

We affirm the orders of the trial court dismissing the CR 60.02 action

for failure to provide any evidence of weight that the Diocese of Covington acted

to obstruct the litigation and conceal evidence which may have supported tolling

the statute of limitations. Further, we find the trial court properly dismissed the successive complaint against the Dioceses of both Covington and Lexington as the claims were barred by the doctrine of *res judicata*.

ALL CONCUR.

ENTERED: _July 28, 2023____   _____
                                JUDGE, COURT OF APPEALS

BRIEFS FOR APPELLANT:                BRIEFS FOR APPELLEE DIOCESE
                                     OF COVINGTON:

Will McGinnis, *pro se*
Lexington, Kentucky                  Mark D. Guilfoyle
                                     Nicholas C. Birkenhauer
                                     Covington, Kentucky


                                     BRIEF FOR APPELLEE DIOCESE
                                     OF LEXINGTON:

                                     Melanie J. Kilpatrick
                                     Lexington, Kentucky