RENDERED: APRIL 25, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0129-MR

KAYLA BROOKE STEELE                          APPELLANT


                  APPEAL FROM HARDIN CIRCUIT COURT
v.                  HONORABLE LARRY ASHLOCK, JUDGE
                  ACTION NO. 23-CR-00062


COMMONWEALTH OF KENTUCKY                APPELLEE


OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; ACREE AND EASTON, JUDGES.

THOMPSON, CHIEF JUDGE: Kayla Steele appeals from a restitution order entered by the Hardin Circuit Court. Appellant argues that the amount she was ordered to pay was impermissibly inflated and not based on reliable facts. We agree that the facts used to prove the amount owed in restitution were unreliable; therefore, we reverse and remand for a new restitution hearing.

## FACTS AND PROCEDURAL HISTORY

Janet Perkins hired Kayla Steele as a caregiver for her mother, Yukiko Warford. Ms. Warford had a brain injury and dementia and required twenty-four-hour care. Ms. Steele eventually became a managing caregiver and oversaw four to five other caregivers providing care for Ms. Warford. Ms. Steele was authorized to spend money on Ms. Warford's behalf and had access to Ms. Warford's bank accounts, checks, and debit cards.

At some point, Appellant started using drugs and began stealing money from Ms. Warford. The theft was eventually discovered by Ms. Perkins and her partner, Dennis Wene. Appellant was indicted on numerous charges relating to the theft, but eventually pleaded guilty to one count of knowingly exploiting an adult over $300[1] and theft by unlawful taking over $10,000.[2] She was then sentenced to twelve years in prison. The only issue for the trial court to determine in this case was the amount of restitution owed to Ms. Warford. Appellant claimed that she stole around $17,000, but Ms. Perkins and Mr. Wene claimed she stole over $76,000.

A hearing was held on November 20, 2023, where Appellant, Ms. Perkins, and Mr. Wene testified. Ms. Perkins and Mr. Wene testified that once

---

[1] Kentucky Revised Statute (KRS) 209.990(5).

[2] KRS 514.030(2)(g).

they discovered the theft, they went through Ms. Warford's bank statements and identified the charges and withdrawals they believed were fraudulent. Mr. Wene then organized all the charges from the time of Appellant's employment on a spreadsheet and indicated which were believed to be fraudulent. According to the testimony of Mr. Wene and Ms. Perkins, any charges that came from outside of Elizabethtown, Kentucky, where Ms. Warford's residence was located, were deemed fraudulent because Ms. Warford did not travel outside of Elizabethtown. Appellant provided testimony and her own spreadsheet to rebut the Commonwealth's evidence.

The trial court ultimately ordered Appellant to pay restitution in the amount of $42,089.75. During the restitution hearing, testimony revealed that around $13,000 had been reimbursed to Ms. Warford's bank accounts by the banks. It was also discovered that around $21,000 had been ordered as restitution in a case against Appellant in another circuit court. The court subtracted these amounts from the $76,000 amount Ms. Perkins and Mr. Wene claimed was stolen by Appellant. This appeal followed.

## ANALYSIS

Appellant's first argument on appeal is that the trial court ordered her to pay restitution for more than the unlawful conduct for which she pleaded guilty. The indictment in this case stated that Appellant committed her crimes "on or

between August 1, 2022, through November 14, 2022." The plea agreement also used that same language. There are multiple charges to Ms. Warford's bank accounts that were deemed fraudulent that occurred earlier in 2022 and outside the timeframe set forth in the indictment and plea agreement. Appellant argues that she should only be required to pay restitution for amounts stolen during August 1, 2022, through November 14, 2022.

This argument was not raised before the trial court; therefore, it is waived. "The Court of Appeals is without authority to review issues not raised in or decided by the trial court." *Regional Jail Authority v. Tackett*, 770 S.W.2d 225, 228 (Ky. 1989); *see also Shelton v. Commonwealth*, 928 S.W.2d 817, 818 (Ky. App. 1996). "[E]rrors to be considered for appellate review must be precisely preserved and identified in the lower court." *Skaggs v. Assad, by and through Assad*, 712 S.W.2d 947, 950 (Ky. 1986) (citation omitted).

Appellant's other argument on appeal is that the evidence relied upon by the trial court was not reliable. We review a decision regarding restitution for abuse of discretion. *Commonwealth v. Morseman*, 379 S.W.3d 144, 147 (Ky. 2012). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999). "When ordering restitution, a trial court must base an award on reliable facts." *Wiley v.*

*Commonwealth*, 348 S.W.3d 570, 575 (Ky. 2010) (citation omitted). Also, "the defendant must have some meaningful opportunity to be heard, and the record must establish a factual predicate for the restitution order." *Id.* (citation omitted).

Here, location was the primary indicator that was relied upon to determine whether a debit or withdrawal from Ms. Warford's bank accounts was fraudulent. Ms. Perkins and Mr. Wene both testified multiple times that charges which occurred in Elizabethtown were not designated as fraudulent and were not included in the restitution amount. After reviewing the spreadsheets created by Mr. Wene, it appears as though this testimony was inaccurate. There are multiple charges listed on the spreadsheets that are deemed fraudulent, but which occurred in Elizabethtown.

This contradiction is especially problematic in this case because the spreadsheets were the primary evidence relied upon to determine the restitution amount. The testimony of Ms. Perkins and Mr. Wene call into question the accuracy of the spreadsheets they created. We believe this discrepancy makes the spreadsheets unreliable; therefore, the trial court's award of restitution was unfair and an abuse of discretion.

## **CONCLUSION**

Based on the foregoing, we reverse and remand for a new restitution hearing. The new hearing should only be concerned with the sufficiency of the

evidence to support a restitution amount. In addition, we have determined that the issue regarding restitution amounts outside the August 1, 2022, through November 14, 2022 timeframe was waived; therefore, it cannot be litigated before the trial court as the issue is *res judicata*. *See Huntzinger v. McCrae*, 818 S.W.2d 613, 615 (Ky. App. 1990).

ALL CONCUR.

BRIEFS FOR APPELLANT:

Shannon Dupree
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Melissa A. Pile
Assistant Attorney General
Frankfort, Kentucky