RENDERED: APRIL 3, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1081-MR

DONALD DONTA, INDIVIDUALLY
AND AS TRUSTEE FOR CONRAD
DONTA                                                                    APPELLANTS


                         APPEAL FROM BOYD CIRCUIT COURT
v.                       HONORABLE JOHN F. VINCENT, JUDGE
                         ACTION NO. 21-CI-00131


ROBERT DONTA, INDIVIDUALLY;
ROBERT DONTA, TRUSTEE FOR
CONRAD DONTA; JACK DONTA,
INDIVIDUALLY; JACK DONTA, AS
TRUSTEE FOR CONRAD DONTA;
DORIS BRANTFERGER; DONNA
VANDERHOOF, INDIVIDUALLY;
DONNA VANDERHOOF, AS
CONSERVATOR OR LIMITED
CONSERVATOR FOR CONRAD
DONTA; CONRAD DONTA; SARAH
RAZOR; KENNETH DONTA; WILMA
JEAN DONTA; MICHAEL DONTA;
RANDY DONTA; MICHELLE
DONTA; BARRY DONTA; BILLIE
DONTA; JOHANNA DONTA
BROWN; JENNIFER DONTA LOWE;
AND COMMONWEALTH OF
KENTUCKY

                                                                          APPELLEES

OPINION
AFFIRMING

\*\* \*\* \*\* \*\* \*\*

BEFORE:  CALDWELL, MCNEILL, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  Donald Donta, individually and as trustee for Conrad Donta (Donald), appeals the August 16, 2023, Order entered by the Boyd Circuit Court dismissing an adversary challenge brought by Donald arising from a trust administration proceeding in the Boyd District Court.[1]  Donald further appeals the interlocutory Order entered by the Boyd Circuit Court on September 22, 2021, that effectively dismissed his challenge, pending final resolution of counterclaims asserted by appellees in this action.  For the reasons stated, we affirm.

INTRODUCTION

This is an appeal of an adversary action filed in Boyd Circuit Court challenging the ability of the Boyd District Court to allow the sale of a portion of real property held in an *inter vivos* trust.  Donald, a contingent beneficiary and original trustee of a family trust, filed this adversary proceeding in 2021 pursuant to Kentucky Revised Statutes (KRS) 389A.010(4) in the Boyd Circuit Court to halt the sale approved by the Boyd District Court in Case No. 97-H-00049-001.

---

[1] Conrad Donta died intestate on March 4, 2025, during the pendency of this appeal.  On March 2, 2026, Donald Donta moved to revive the appeal pursuant to Kentucky Revised Statutes 395.278, which was granted by Order entered March 16, 2026.

-2-

Donald contended that he was the owner of the property as a result of having been deeded the property as trustee under the Trust Agreement established on August 27, 1987, by his parents, William and Essie Donta, for the benefit of their son Conrad. He also asserted that the property could not be sold as a result of an equitable lien he claimed against the property.

The Boyd Circuit Court entered an order granting partial summary judgment for the appellees on September 22, 2021, effectively dismissing the complaint with prejudice. After appellees withdrew their counterclaims, the court entered a final order on August 16, 2023, which Donald now appeals.

BACKGROUND

1. Trust for the Benefit of Conrad Donta established

William Donta and his wife, Essie, executed a Trust Agreement (Agreement) in 1987, to create a trust for the benefit of one of their sons, Conrad Donta. The Agreement named their son Donald as trustee for the trust. Record, Case No. 21-CI-00131 at 119-120. The Agreement also provided that the grantors "assigned, transferred, and conveyed" real and personal property, together with other property that may be added, for the trustee to hold in trust. The Agreement stated that the real estate was to be held and maintained during the life of Conrad to provide him a home and residence. It directed the trustee to hold the remainder of the trust property and expend such sums as necessary for the care, support and

-3-

maintenance of Conrad during his lifetime. Upon Conrad's death, the Agreement called on the trustee to distribute any remaining principal and accumulated income after payment of expenses and debts to five of the grantors' children or their heirs.[2] To complete the trust conveyance, Essie and William deeded three parcels of real estate to Donald as trustee for the use and benefit of Conrad.

On October 22, 1991, William and Essie executed a second trust instrument titled Amendment to Trust Agreement (Amended Agreement).[3] This Amended Agreement was between the grantors and Jack Donta, Donald's brother, who was named therein as successor trustee. The Amended Agreement stated that the grantors intent was to replace the trustee and add other children of the grantors as beneficiaries of the trust. Record, Case No. 21-CI-00131 at 82-83. It named Jack Donta as successor trustee with all powers and duties set forth in the 1987 Agreement. The Amended Agreement named Robert Donta as alternate trustee, and Arnold Donta as second alternate trustee. The Amended Agreement also added the names of three children of the grantors as remainder beneficiaries and

---

[2] The remainder beneficiaries were Donald Donta, Arnold Donta, Donna Vanderhoof, Kenneth Donta, and Robert Donta.

[3] The Amended Agreement was recorded in the Boyd County Clerk's office. Apparently, William Donta and Essie Donta executed another trust agreement on October 22, 1991, purportedly to revoke the original Agreement naming Donald Donta as trustee. The circuit court did not address this document and nor shall this Court, as the result for both looked to Jack Donta replacing Donald Donta as trustee.

reaffirmed and ratified all other provisions of the Agreement dated August 21, 1987.[4]

Essie Donta died testate in October 1996, and William Donta died testate in March 1997.

2. <u>Limited Conservatorship for Conrad established in Case No. 97-H-00049-001, Boyd District Court</u>

On September 9, 1997, Kenneth Donta filed a Petition to Determine if Disabled pursuant to KRS 387.530, and an Application for Appointment of Guardian in Boyd District Court regarding Conrad Donta, his brother. Siblings Doris Brantferger, Delmis Donta, Robert Donta, Jack Donta, Donna Vanderhoof, William Donta Jr., Arnold Donta, Kenneth Donta and Donald Donta were named as next of kin. Following a jury trial on December 16, 1997, the district court entered a disability judgment in accordance with the jury verdict, finding that Conrad was partially disabled in managing his financial resources as defined in KRS Chapter 387. The court appointed Conrad's sister, Donna Vanderhoof as a limited conservator. The limited conservator's powers and duties were provided in the court's order as follows: disposing of property, executing instruments, entering into contractual relationships, and making major purchases with the input of

---

[4] The three additional children named as remainder beneficiaries were Jack Donta, William Donta, Jr., and Delmis Donta.

Conrad. Record, Case No. 97-H-00049-001 at 31-33. Vanderhoof performed those duties until March 2006, when she notified the court of her inability to continue to serve, and the alternate limited conservator for Conrad, Robert, was substituted and assumed all duties.

In August of 2020, Robert as limited conservator for Conrad, moved in Case No. 97-H-00049-001, for an order to allow his sister, Doris Brantferger, to obtain a survey of a portion of the farm held in trust for Conrad so that she might purchase it at fair market value. He also sought an order preventing Donald from interfering with the process of the survey. Donald and his daughter, Joy Hall, objected to the survey at a court hearing. On September 3, 2020, the court sustained the motion for the survey to be conducted without interference from any party. On December 15, 2020, Robert, as limited conservator, moved pursuant to KRS 389A.010 *et seq.* for an order granting authority to transfer a portion of the property held in trust. The motion explained that repairs were needed for the house where Conrad was living. The motion proposed to sell two acres of the property to his sister, Doris Brantferger, at fair market value determined from the appraisal. The proceeds would go toward repairing the residence and leave approximately twenty acres of the real estate in the trust. Donald filed a response arguing against the sale of the property and alleging mismanagement by Jack and Donna Vanderhoof in their fiduciary roles with Conrad.

Following a hearing on January 27, 2021, the Boyd District Court entered an order that day granting the motion for authorization to sell a portion of the real estate held in trust for Conrad. The court authorized Jack Donta as trustee, to execute and deliver a deed to Doris Brantferger for the sum of $22,000. Donald filed a notice of appeal of this order in circuit court, and the Boyd Circuit Court ordered that action consolidated with the adversary proceeding filed in Case No. 21-CI-00131, which is the action from which this appeal is taken.

3. Declaratory Judgment action in Case No. 99-CI-00485, Boyd Circuit Court

On June 3, 1999, Donald filed a complaint in the Boyd Circuit Court seeking declaratory relief and naming as defendants his siblings Doris Brantferger, Delmis Donta, Robert Donta, Jack Donta, Donna Mae Vanderhoof, William Donta Jr., Arnold Donta, Kenneth Donta, Conrad Donta, the estates of Essie Donta and William Donta, and the Essie Donta and William Donta Trust of October 21, 1991, by Jack Donta as trustee. Donald asked for a declaration that the trust created in 1987 was irrevocable, and for restoration to him of the trust assets. He noted that in the 1987 Agreement for the benefit of Conrad, Donald was named trustee and was conveyed three parcels of land. Donald asserted that the grantors did not reserve the power to modify or revoke the trust. He alleged that Jack Donta "through misrepresentations, undue influence and duress or other actions" induced

-7-

Essie and William Donta to attempt to revoke the trust and enter into a new trust agreement. Record, Case No. 99-CI-00485 at 5. Donald also claimed Jack Donta, as the purported successor trustee, wrongfully took possession of the trust assets and failed or refused to account for the assets.

Following limited discovery, on October 5, 2000, Donald moved for partial summary judgment on the basis that the trust was not revocable as a matter of law when the grantors did not provide for revocation in the Agreement. The defendants responded that summary judgment was not appropriate as there were issues of fact as to whether the grantors had intended for the Agreement to be amended or revoked, and whether such authority was omitted from the Agreement. They also emphasized that the purpose of the trust was never altered, and the only changes to the initial document were to change the trustee and to add beneficiaries who were omitted. On September 22, 2003, the court denied the motion for summary judgment.

On November 18, 2003, the court granted Donald's counsel's motion to withdraw and gave Donald twenty days to obtain new counsel. On June 15, 2004, the defendants moved for dismissal given that Donald had not hired new counsel and had not acted to advance the case. They noted that the estates of Essie and William Donta had been closed almost four years earlier. On June 30, 2004,

the court ordered the action dismissed with prejudice and stricken from the docket. No appeal was taken.

4. Adversary Proceeding regarding Sale of Property in Case No. 21-CI-00131, Boyd Circuit Court

In response to the January 27, 2021, order granting the sale of a portion of the trust property by the Boyd District Court in Case No. 97-H-00049-001, Donald filed an adversary proceeding pursuant to KRS 389A.010(4) against the beneficiaries of the trust (appellees herein) in the Boyd Circuit Court on February 25, 2021. Donald alleged he acquired ownership of the real property conveyed by deed to him as trustee in 1987, and the trial court erred in authorizing Robert Donta, acting as limited conservator, to sell a portion of the property. He additionally asserted the sale could not proceed because he held a lien against the property to secure payment of expenses incurred by Donald in maintaining Conrad's residence for the benefit of the trust. The defendants answered that Donald had been removed as trustee in 1991, and filed a counterclaim against him for slander of title and breach of fiduciary duties, in using the trust real estate, including oil and gas royalties obtained therefrom, for his own personal benefit.

The defendants, except for Kenneth Donta, filed a motion for partial summary judgment on June 18, 2021. They claimed there was no issue of material fact with respect to the real property in the trust because the property was deeded

to the trust and not to Donald personally. Thus, Jack had authority to transfer the property as the successor trustee. They further noted that all proper procedures were followed for the Boyd District Court's approval of the sale under KRS 389A.010. They also argued that Donald had not legally obtained a materialman's or other statutory lien on the property as a matter of law.

Donald filed a response arguing that discovery was required and alleging *res judicata* as to the counterclaim, acknowledging the previous lawsuit between the parties. The defendants, except for Kenneth Donta, replied that the issues regarding the trustee, ownership of the Donta farm, and the failure of Donald's lien claim to comply with applicable law did not require discovery. They alleged that Donald was only seeking to delay since there was no legal basis to prevent the sale of a portion of the farm property. The defendants also raised *res judicata* arguments regarding Case No. 99-CI-00485 in which Donald's complaint was dismissed with prejudice, and noted that the Boyd Circuit Court could take judicial notice of its previous orders.

On September 22, 2021, the Court granted partial summary judgment. The court considered Donald's arguments that he was the owner of the property as a result of the deed, but found:

> It is clear to the Court from review of the deed that the deed was to the trust through its then Trustee Mr. Donald Donta. Mr. Donald Donta acquired no interest in and of the property to himself from this transfer. The Trust is

-10-

and remains the owner of the property. Any claim by
Donald Donta to ownership in the property individually
is denied and dismissed.

Record, Case No. 21-CI-00131 at 106. Next, the court concluded that the original trust Agreement was not irrevocable, and the grantors did not preclude or limit amendment or modification of the Agreement. The Court found that the Amended Agreement was valid and clearly substituted Jack for Donald as trustee. Additionally, the court concluded that Donald was collaterally estopped from challenging the amendment since the court dismissed his earlier challenge in 2004, with prejudice. Finally, the court found that the lien claim asserted by Donald against the property did not qualify as a mechanic's, materialman's or other statutory lien, and the Agreement did not allow for fees to be paid to the trustee for services rendered. The court ordered the lien filed by Donald dissolved.

The circuit court stated that since no genuine issue of material fact remained as to the arguments Donald raised for setting aside the sale, the order of the Boyd District Court was affirmed. The court dismissed the complaint with prejudice. Finally, the court scheduled a hearing for the issues remaining on the defendants' counterclaim.

Donald filed a Kentucky Rules of Civil Procedure (CR) 59.05 motion to alter, amend, or vacate the court's order, arguing Kentucky law requires the grantors of a trust to specifically reserve a right to amend the trust, which they

-11-

failed to do. He argued that no judgment or order on the merits was entered in Case No. 99-CI-00485, for it to have had preclusive effect as *res judicata*. In addition, he argued that the court should have recognized that he had an equitable lien, which had attached upon his advancement of monies for the improvement of the real estate. On October 22, 2021, the court denied the motion to alter, amend or vacate.

The defendants filed a Notice to Withdraw Counterclaim on January 27, 2023, which was sustained by the court on February 2, 2023. Defendants then filed a Motion to Permit the Completion of the Sale on May 5, 2023, arguing that the time to appeal had run. Donald argued that no final order had previously been entered. Following a hearing, the court entered an Order on August 16, 2023, stating that the case was now final and appealable, and that no further claims remained to be addressed by the court. This appeal followed.

## STANDARD OF REVIEW

The Kentucky Supreme Court has stated our standard of review for summary judgment on appeal as follows:

> Summary judgment should only be granted when "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56.03. "[T]he proper function of summary judgment is to terminate litigation when, as a matter of law, it appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor." *Steelvest, Inc. v. Scansteel Serv.*

-12-

*Ctr, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). "Because summary judgment does not require findings of fact but only an examination of the record to determine whether material issues of fact exist, we generally review the grant of summary judgment without deference to either the trial court's assessment of the record or its legal conclusions." *Hammons v. Hammons,* 327 S.W.3d 444, 448 (Ky. 2010). Our review therefore is *de novo.*

*Ashland Hosp. Corp. v. Darwin Select Ins. Co.,* 664 S.W.3d 509, 515-16 (Ky. 2022). And, upon review of questions of law, our review is also *de novo*. *Blackstone Mining Co. v. Travelers Ins. Co.*, 351 S.W.3d 193, 198 (Ky. 2010), *as modified on denial of reh'g* (Nov. 23, 2011). This Court has treated the orders on appeal as a summary judgment, and our review proceeds accordingly.

ANALYSIS

The primary arguments Donald raises on appeal resonate from his being named as trustee by his parents in the 1987 Agreement for the benefit of his brother Conrad. He argues that the 1987 deed to the trust, executed simultaneously therewith by his parents, regarding the real property at issue in this appeal, transferred to him personally superior title to the property. And this superior title was not affected by the Amended Agreement and his removal as trustee in 1991 or the appointment of a limited conservator for Conrad by the district court in 1997.

However, the circuit court did not reach the merits of these issues in the court's disposition of Case No. 99-CI-00485 in 2004, which collaterally

-13-

estopped Donald from challenging the amendment of the trust and his removal as trustee. In the court's September 22, 2021, order, the court held as follows:

> Donald Donta filed an action in the Boyd Circuit Court, 99-CI-00485 specifically challenging the ability of the Settlors to amend the trust and change the trustee. The original Complaint in that action asked that the trust be found to be irrevocable, (and implicitly not amendable) and sought return of the assets which have been transferred away from him as trustee. The action was ultimately dismissed by the Boyd Circuit Court with prejudice on June 30, 2004. Therefore, the Plaintiff is now collaterally estopped by virtue of that action from challenging again the appropriateness of the amendment and modification made to the trust in October of 1991 within this action. . . .

Record, Case No. 21-CI-00131 at 106-07. Donald argues that the circuit court erred in this ruling because the earlier action was not litigated on the merits to a final judgment. We disagree.

The doctrine of *res judicata* precludes the litigation of repetitive actions. *Hashemian v. Louisville Reg'l Airport Auth.*, 493 S.W.3d 843, 845 (Ky. App. 2016). The doctrine has two components – claim preclusion and issue preclusion. *Hashemian*, 493 S.W.3d at 845; *Miller v. Admin. Office of Courts*, 361 S.W.3d 867, 871 (Ky. 2011).[5] Resolution of this appeal centers upon the former component – claim preclusion. Claim preclusion generally bars a party from

---

[5] The term *res judicata* is sometimes referred to as claim preclusion. However, in this Opinion, we use the term *res judicata* as a doctrine that includes both claim preclusion and issue preclusion. *Miller v. Admin. Office of Courts*, 361 S.W.3d 867, 871 (Ky. 2011).

relitigating a previously adjudicated cause of action. To operate as a bar to subsequent litigation, claim preclusion requires: (1) identity of parties, (2) identity of the causes of action, and (3) resolution of the previous cause of action on the merits. *Hashemian*, 493 S.W.3d at 845. "Claim preclusion, a subpart of *res judicata*, 'bars a party from re-litigating a previously adjudicated cause of action and entirely bars a new lawsuit on the same cause of action.'" *Hashemian*, 493 S.W.3d at 845 (quoting *Harrod v. Irvine*, 283 S.W.3d 246, 250 (Ky. App. 2009)).

As previously discussed, in 1999, Donald filed a declaratory judgment action (Case No. 99-CI-00485) in the circuit court challenging whether the Agreement could be amended or revoked, including his removal as the trustee for the trust created to benefit Conrad. These are the same parties and cause of action in this action now on appeal. The declaratory judgment action was dismissed in 2004 when Donald failed to obey a court order to obtain counsel and move the case forward. He argues this was not a dismissal on the merits. Again, we disagree.

When the 1999 declaratory judgment action was dismissed with prejudice for failure to move the case forward, it was dismissed as a result of a motion by the defendants rather than court "housekeeping" under CR 77.02(2). The defendants' motion was pursuant to CR 41.02, although neither the motion nor the court's order cited the Rule. CR 41.02 states in pertinent part:

> (1) For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant

-15-

> may move for dismissal of an action or of any claim against him.
>
> . . . .
>
> (3) Unless the court in its order for dismissal otherwise specifies, a dismissal under this Rule, . . . operates as an adjudication upon the merits.

The Boyd Circuit Court did not otherwise specify, and so the dismissal of the action on the defendants' motion operated as an adjudication on the merits under CR 41.02(3); *see Polk v. Wimsatt*, 689 S.W.2d 363, 364 (Ky. App. 1985). Donald did not move to alter, amend or vacate the trial court's order, nor did he appeal it.

Accordingly, Donald is estopped in this appeal from asserting any rights or claims as trustee under the Agreement. Donald was removed as trustee by the Amended Agreement and similarly, any rights or duties he acquired as trustee under the 1987 deed were also extinguished. Additionally, we would note that even if the 2004 judgment did not bar Donald's claims as asserted in the 2021 action, the doctrine of laches would.

The doctrine of laches is generally an equitable doctrine that bars a claim where a party engages in unreasonable delay that is prejudicial. *Wiggington v. Commonwealth, ex rel. Caldwell*, 760 S.W.2d 885, 887 (Ky. App. 1988). More specifically, our Supreme Court has recognized:

> 'Laches' in its general definition is laxness; an unreasonable delay in asserting a right. In its legal significance, it is not merely delay, but delay that results

-16-

in injury or works a disadvantage to the adverse party. Thus there are two elements to be considered. As to what is unreasonable delay is a question always dependent on the facts in the particular case. Where the resulting harm or disadvantage is great, a relative brief period of delay may constitute a defense while a similar period under other circumstances may not. What is the equity of the case is the controlling question. Courts of chancery will not become active except on the call of conscience, good faith, and reasonable diligence. The doctrine of laches is, in part, based on the injustice that might or will result from the enforcement of a neglected right.

*Plaza Condo. Ass'n, Inc. v. Wellington Corp.*, 920 S.W.2d 51, 54 (Ky. 1996) (quoting *Denison v. McCann*, 197 S.W.2d 248, 249 (Ky. 1946)).

In this case, Donald waited over seventeen years from the dismissal of his 1999 action in 2004 to reassert his alleged claims as trustee under the 1987 Agreement. During that time period, Jack served as trustee under the Amended Agreement and Robert had performed his duties as limited conservator for Conrad. Both served the needs of Conrad in accordance with the court orders and the wishes of Conrad's parents. The purpose of the trust was to serve Conrad's needs, not to benefit Donald. And Donald failed to demonstrate how this delay benefited Conrad. Such a lengthy delay in exercising alleged rights under a trust instrument cannot be condoned by the courts nor will we do so in this case.

Our ruling on the trust issues disposes of all of Donald's arguments on appeal except his equitable lien claim. This argument looks to the denial of his

equitable lien claim against the subject real property held in trust for Conrad. In his complaint Donald asserted that he:

> [P]ersonally expended his personal funds for the upkeep and support of the subject real estate . . . which expense Donald Donta was not obligated to spend, but expended for the benefit and happiness of Conrad Donta, and all for which Donald Donta claims an interest in the subject property, pursuant to applicable law[.] . . .

Record, Case No. 21-CI-00131 at 19. Before filing this action, Donald recorded his lien claim for $250,000 in the Boyd County Clerk's office in June of 2020 for labor, services and materials rendered for the period of August of 1987 through May of 2020. Record at 90. Donald had not previously sought to enforce a lien claim against the property until the filing of his adversary complaint in February of 2021, which was the premise for appellees' counterclaim below.

Equitable liens in Kentucky have been recognized to be created in two different instances, as follows:

> Such a lien arises either from a written contract which shows an intention to charge some particular property with a debt or obligation, or is implied and declared by a court of equity out of general considerations of right and justice as applied to the relations of the parties and the circumstances of their dealings. . . .

*Gabbard v. Watkins*, 133 S.W.2d 54, 57 (Ky. 1939) (citation omitted); *see also New Tech Mining, Inc. v. THC Kentucky Coal Venture I, LLC*, 492 S.W.3d 895, 901 (Ky. App. 2016). Neither situation applies here. There was no written

-18-

contract with the trust or its beneficiaries and Donald has failed to establish any special circumstances that would justify him being reimbursed for expenses he voluntarily paid, especially after being removed as trustee in 1991. And, as the circuit court correctly pointed out, he seeks payment of monies from the trust or against trust property that he had not previously obtained approval for from the court. This Court is not aware of any statutory basis which would support a claim against the real property in the trust based on the facts of this case. Accordingly, the circuit court did not err in denying the claim and dissolving Donald's lien filed in the Boyd County Clerk's office.

For the foregoing reasons, we affirm the orders of the Boyd Circuit Court granting summary judgment to appellees and dismissing the complaint below.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

Robert W. Miller
Grayson, Kentucky

BRIEF FOR APPELLEES:

Robert T. Renfroe
R. Stephen McGinnis
Greenup, Kentucky