**Sally Suzanne LAWSON, Appellant,**

v.

**Steven L. LAWSON, Appellee.**

**No. 2008–CA–000824–MR.**

Court of Appeals of Kentucky.

July 17, 2009.

Victoria Ann Ogden, Louisville, KY, for Appellant.

Lori B. Shelburne Lexington, KY, for Appellee.

Before ACREE and LAMBERT, Judges; HARRIS,[1] Senior Judge.

## OPINION

LAMBERT, Judge.

Suzanne Lawson appeals from the Jessamine Circuit Court's order denying CR[2] 60.02 relief. After careful review, we affirm.

Suzanne and Steven Lawson were married on February 2, 1985, and two children were born of the marriage. In 2005, Suzanne was diagnosed with multiple sclerosis, which she claims resulted in stress and depression that worsened her symptoms and illness. In August 2006, the parties separated and executed a separation agreement on October 6, 2006. On December 22, 2006, the parties were divorced, and the Jessamine Circuit Court entered a decree of dissolution of marriage that adopted the October 6, 2006, separation agreement.

---

1. Senior Judge William R. Harris, sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

2. Kentucky Rules of Civil Procedure.

During the separation and divorce, both parties were represented by counsel. Under the separation agreement, Suzanne received twenty million dollars cash; a house she selected which Steven purchased for $1,445,000.00; a $500,000 furnishing/remodeling allowance; two luxury automobiles; a jewelry collection; antiques; artwork and other items of personalty with an estimated additional value of $2,000,000; and no debt. Suzanne also received an expedited divorce and was the spouse who sought and wanted the divorce.

At the time she negotiated the separation agreement, Suzanne's attorneys made her aware of the consequences of accepting the agreement rather than conducting discovery to determine the full amount of Steven's business interests and assets. In fact, the record includes a letter written to and signed by Suzanne from her attorneys fully explaining the implications of accepting the terms of the expedited divorce and separation agreement. That letter explains that Suzanne might be entitled to more marital property under KRS 403.190 and that accepting the property settlement prevents her from conducting full discovery into the extent of the marital assets and Steven's business interests. Suzanne signed the letter and was fully assisted by counsel during that time. Further, there is no evidence of any duress or fraud on Steven's part in inducing Suzanne to accept the property settlement and separation agreement.

After the divorce decree was entered, Suzanne began accepting the benefits conferred to her under the separation agreement. She finalized her negotiation of a separate contract to purchase her own residence and submitted invoices to Steven for reimbursement pursuant to the $500,000 furnishing/remodeling allowance. One month after the execution of the agreement, Steven wired $20,000,000 to Suzanne consistent with her specific instructions.

In November 2007, Suzanne retained new counsel and filed a CR 60.02 motion to set aside the portion of the decree finding the separation agreement not unconscionable, claiming she was induced to enter in the agreement by intimidation, overreaching, and fraud. In the affidavit tendered with the motion, Suzanne claimed that at the time she signed the agreement, she was too depressed and afraid to assert her rights so she accepted Steven's first and only proposed settlement. She also claimed she had not been properly advised of her legal rights by her attorneys. The parties filed extensive responses and replies incident to Suzanne's motion. The record reflects that Suzanne negotiated the terms of the settlement with Steven and that she did not accept his initial offer. Suzanne then abandoned her fraud claims and claimed for the first time that she was incompetent when she signed the separation agreement.

On March 25, 2008, the trial court entered an order denying Suzanne's CR 60.02 motion on three grounds. First, the trial court found that Suzanne's claims of intimidation, overreaching, and/or mental incompetence were unsupported. Second, the court found that even if Suzanne's claims were true, she had ratified the agreement by continuing to pursue the benefits of it. Finally, the court found that Suzanne had not brought the motion within a reasonable time, as required by CR 60.02.

Suzanne sought relief under CR 60.02(f), which states that a court may relieve a party from its final judgment, order, or proceeding for any reason of an extraordinary nature justifying relief. Our standard of review for a trial court's denial of a CR 60.02 motion is abuse of discretion. *Fortney v. Mahan,* 302 S.W.2d

842, 843 (Ky.1957). The test for abuse of discretion is whether the trial court's decision is arbitrary, unreasonable, unfair, or unsupported by legal principles. *Goodyear Tire & Rubber Co. v. Thompson*, 11 S.W.3d 575, 581 (Ky.2000).

As one of its reasons for denying Suzanne's motion, the trial court ruled that she failed to bring the motion within a reasonable time, given the unique circumstances of this case. CR 60.02 provides "[t]he motion shall be made within a reasonable time, and on grounds (a), (b), and (c) not more than one year after the judgment, order, or proceeding was entered or taken." "What constitutes a reasonable time in which to move to vacate a judgment under CR 60.02 is a matter that addresses itself to the discretion of the trial court." *Gross v. Commonwealth*, 648 S.W.2d 853, 858 (Ky.1983).

This case involved an expedited divorce where Suzanne immediately began spending the money and using the assets conferred upon her. Suzanne waited almost a year before filing for CR 60.02 relief and during that time she utilized the benefits conferred upon her under the agreement. Under those facts, we do not think that the trial court abused its discretion in ruling that Suzanne did not file her motion for extraordinary relief within a reasonable time. The civil rules allow a one year time period for motions brought under CR 60.02(a), (b), and (c) and leaves it up to the trial court to determine a reasonable time limit for motions brought under the other applicable sections. We do not find that the trial court abused its discretion in determining that eleven months was not a reasonable time in an expedited divorce case where a property settlement was reached very early in the case.

Additionally, we do not find that the trial court abused its discretion in ruling that Suzanne's claims of fraud, intimidation, and mental incompetence were unsubstantiated. The record clearly indicates that Steven and Suzanne bargained and exchanged for the terms of their property settlement and separation agreement. Further, Suzanne testified to the court that the agreement was fair and asked the court to incorporate it into the divorce decree. In fact, there is absolutely nothing in the record whatsoever indicating that any intimidation or fraud existed and nothing other than Suzanne's statements that she was mentally incompetent. Her actions at the time the agreement was reached indicate exactly the opposite. Finally, her attorneys fully explained in writing to her the risks she was taking in accepting the property settlement agreement in lieu of conducting discovery into Steven's assets. Given all these facts, the trial court's decision that no fraud, intimidation, and mental incompetence existed was proper and was not an abuse of discretion.

Given our holdings that Suzanne's motion was not timely filed and that the property settlement agreement was not unconscionable, we do not need to address the argument that Suzanne ratified the agreement by her conduct.

Accordingly, the judgment of the Jessamine Circuit Court is affirmed.

ACREE and LAMBERT, JUDGES, concur.

HARRIS, Senior Judge, concurs in Result, and Files Separate Opinion.

HARRIS, Senior Judge, Concurring in Result.

I concur in all but one aspect of the majority opinion, and believe that the majority has reached the correct result by affirming the trial court's denial of CR 60.02 relief to the appellant. The trial court did not abuse its discretion in determining that the appellant's CR 60.02 mo-

tion was not brought within a reasonable time. This determination alone affords sufficient basis for affirming the order under review.

I also believe the trial court did not err in rejecting the appellant's claims of overreaching and intimidation by the appellee as not supported by the record.

However, I cannot concur in the majority's analysis of appellant's contention that the trial court erred in rejecting her claim that she lacked mental competency when she signed the separation agreement. The trial court focused its attention on the appellant's conduct before and after the separation agreement was signed, while the focus should have been on her mental capacity at "the immediate time when the contract was made." *Hall v. Crouch*, 341 S.W.2d 591, 594 (Ky.1960) *quoting Jefferson Standard Life Ins. Co. v. Cheek's Adm'r*, 258 Ky. 621, 80 S.W.2d 518 (1935). Had this claim been timely presented, I believe it would have been incumbent upon the trial court to grant appellant an evidentiary hearing on her mental capacity claim and then to have rendered a specific finding of fact regarding appellant's mental capacity at the time she signed the agreement. However, because I agree that the CR 60.02 motion raising this claim was not timely filed, I concur in the result reached by the majority.