RENDERED: JULY 29, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0110-MR

TINA BURCHETT                                                                  APPELLANT

APPEAL FROM GREENUP CIRCUIT COURT
v.     HONORABLE JEFFREY L. PRESTON, JUDGE
ACTION NO. 20-CI-00178

BRANDON BURCHETT                                                              APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, MAZE, AND McNEILL, JUDGES.

McNEILL, JUDGE: Tina Burchett ("Tina") appeals from two orders of the

Greenup Circuit Court denying her motions to set aside a settlement agreement

reached with her ex-husband, Brandon Burchett ("Brandon"), in a marital

dissolution action. Finding no error, we affirm.

Tina and Brandon were married on August 11, 1997, in Greenup

County, Kentucky. On May 5, 2020, Tina filed a petition for dissolution of

marriage in Greenup Circuit Court alleging that the marriage was irretrievably broken. The parties entered into a separation agreement shortly thereafter, with both parties being represented by counsel. On June 25, 2020, the circuit court entered a decree of dissolution which incorporated the settlement agreement.

Almost six months later, Tina moved to set aside the settlement agreement as unconscionable, arguing the court failed to make a finding of conscionability before incorporating the agreement into the decree of dissolution. She also listed facts in support of a finding of unconscionability, such as being depressed at the time she signed the agreement and Brandon recently receiving a $25,000 signing bonus for his new job. Tina did not cite any rule of the Kentucky Rules of Civil Procedure (CR) as the basis for her motion.

The court denied the motion, finding that the settlement agreement was properly incorporated into the decree of dissolution and that both parties had the benefit of counsel. The court also found that the motion was not timely filed.[1] Tina then filed a second motion pursuant to CR 60.02, again arguing that the court failed to determine whether the agreement was unconscionable prior to incorporating it into the decree of dissolution, and further arguing that she was

---

[1] The circuit court apparently treated Tina's motion as a CR 59.05 motion to alter, amend, or vacate which, according to that rule, must be filed within ten days of the entry of a final judgment. For purposes of appeal, we will consider the motion as a CR 60.02 motion which may be brought within one year or "a reasonable time," depending on which subsection it is filed pursuant to.

entitled to a hearing on the question of unconscionability. Tina did not cite which subsection of CR 60.02 she was proceeding under or make any argument as to why she was entitled to relief under the rule.

The court denied the second motion, finding that it had implicitly determined the agreement was not unconscionable by incorporating it into the decree of dissolution, citing language from the agreement itself requesting that the court adopt the agreement if it was "fair, just and proper[.]" This appeal followed.

"Our standard of review for a trial court's denial of a CR 60.02 motion is abuse of discretion." *Lawson v. Lawson*, 290 S.W.3d 691, 693 (Ky. App. 2009). "The test for abuse of discretion is whether the trial court's decision is arbitrary, unreasonable, unfair, or unsupported by legal principles." *Id.* at 694 (citing *Goodyear Tire & Rubber Co. v. Thompson*, 11 S.W.3d 575, 581 (Ky. 2000)).

While the circuit court denied Tina's motions on the merits, we affirm on different grounds, finding that the court did not abuse its discretion because the issues Tina raises on appeal were not the proper subjects of a CR 60.02 motion. *See Fischer v. Fischer*, 348 S.W.3d 582, 589 (Ky. 2011), *abrogated on other grounds by Nami Res. Co., L.L.C. v. Asher Land & Min., Ltd.*, 554 S.W.3d 323 (Ky. 2018) ("In instances where a trial court is correct in its ruling, an appellate

court, which has de novo review on questions of law, can affirm, even though it may cite other legal reasons than those stated by the trial court.").

CR 60.02 "is an extraordinary procedure whereby a collateral attack is made upon a judgment upon specific grounds set forth in the rule." *Faris v. Stone*, 103 S.W.3d 1, 4 (Ky. 2003). The rule may be invoked in six particular instances: "(a) mistake, inadvertence, surprise or excusable neglect; (b) newly discovered evidence . . .; (c) perjury or falsified evidence; (d) fraud affecting the proceedings . . .; (e) the judgment is void . . .; or (f) any other reason of an extraordinary nature justifying relief." CR 60.02. "The burden of proof in a CR 60.02 proceeding falls squarely on the movant to affirmatively allege facts which, if true, justify vacating the judgment and further allege special circumstances that justify CR 60.02 relief." *Foley v. Commonwealth*, 425 S.W.3d 880, 885 (Ky. 2014) (internal quotation marks and citations omitted).

Tina's appellate brief only mentions CR 60.02 in passing. As in her motions below, there is no citation to which subsection of the rule she is proceeding under nor any argument as to why she is entitled to relief under the rule. Instead, Tina claims the circuit court erred by failing to make a finding of conscionability before incorporating the settlement agreement into the decree of

dissolution of marriage and by failing to hold a hearing on the issue of conscionability.[2]

These arguments are not proper subjects of a CR 60.02 motion. "CR 60.02 motions are limited to afford special and extraordinary relief not available in other proceedings." *Baze v. Commonwealth*, 276 S.W.3d 761, 765 (Ky. 2008) (citation omitted). It "was never meant to be used as another vehicle to revisit issues that should have been included or could have been included in prior requests for relief." *Id.* at 766 (citation omitted). "[T]he purpose of CR 60.02 is to bring before a court errors which (1) had not been put into issue or passed on, and (2) were unknown and could not have been known to the moving party by the exercise of reasonable diligence and in time to have been otherwise presented to the court." *Brozowski v. Johnson*, 179 S.W.3d 261, 263 (Ky. App. 2005) (citation omitted).

Both of Tina's arguments could have been made to the circuit court in a CR 59.05 motion to alter, amend, or vacate. However, Tina did not file a CR 59.05 motion. If the issues raised in a CR 60.02 motion "would have been the proper subject for a CR 59.05 motion[,]" and the party failed to timely file a CR

---

[2] Tina's first motion to set aside the settlement agreement additionally argued that the agreement was unconscionable, citing specific facts in support. We decline to address whether the trial court erred in denying Tina's CR 60.02 motion on these grounds because Tina has not raised this specific argument on appeal. *See Herrick v. Wills*, 333 S.W.2d 275, 276 (Ky. 1959), *as extended on denial of reh'g* (Mar. 25, 1960) (citation omitted) ("It is incumbent upon the appellant to present to this Court before submission all of his grounds for reversal. Questions . . . not argued in the briefs, will not be considered by the Court of Appeals."). Further, Tina has not shown that she is entitled to such relief pursuant to CR 60.02.

-5-

59.05 motion, then "[s]uch failure constitutes a knowing waiver of any arguments [the party] could have raised in a CR 59.05 motion[.]" *Louisville Mall Assocs., LP v. Wood Ctr. Properties, LLC*, 361 S.W.3d 323, 336 (Ky. App. 2012).

Further, Tina did not appeal that part of the judgment incorporating the settlement agreement. The issues she now raises are more properly addressed on direct appeal. Tina cannot raise direct appeal or CR 59.05 issues in a CR 60.02 motion. *See McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997) ("In summary, CR 60.02 is not a separate avenue of appeal to be pursued in addition to other remedies, but is available only to raise issues which cannot be raised in other proceedings.").

Based upon the foregoing, the orders of the Greenup Circuit Court are affirmed.

ALL CONCUR.

| BRIEF FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| W. Jeffrey Scott | Jeffrey D. Hensley |
| Grayson, Kentucky | Russell, Kentucky |