RENDERED: APRIL 26, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0425-MR

BRIAN D. MICHAEL                                                              APPELLANT

v.
APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE TIFFANY YAHR, JUDGE
ACTION NO. 09-CI-03487

SYBIL F. MICHAEL                                                              APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; EASTON AND GOODWINE,
JUDGES.

GOODWINE, JUDGE: Brian Michael appeals from an order of the Fayette

Family Court that enforced the parties' separation agreement, executed in 2009,

related to the disposition of the marital home. We affirm.

## BACKGROUND

Brian and Sybil were divorced in 2009. The parties entered into a

separation agreement, drafted by Sybil's counsel, which was incorporated into the

decree of dissolution.[1]  Brian was unrepresented during the divorce proceedings.

The specific details of the agreement are discussed in greater detail below, but

briefly, Brian was to convey his interest in the marital home to Sybil, who was to

then pay Brian $20,000.00.  However, after entry of the decree, Brian continued to

live in the marital home.  He paid $300.00 per month to Sybil.  Sybil contends this

was for rent; Brian argues he was contributing to the mortgage as co-owner of the

home.  Brian made various improvements and updates to the home over the years.

The record before us shows that there were also tenants living on the property who

paid rent to Sybil and contacted her for any maintenance issues.  Sybil also paid

several years of delinquent property taxes after the divorce and continued to pay

the property taxes each year.

Brian did not convey the property to Sybil and Sybil did not press the

issue.  However, in 2019 (*i.e.*, ten years after entry of the decree), she sent a text

message to Brian to let him know she had $20,000.00 for him and that her attorney

had papers for him to sign.[2]  Upon his refusal to accept the money and sign any

paperwork, Sybil filed a motion to enforce the settlement agreement in the family

court.  Brian obtained counsel and filed a response motion, requesting the family

court to set aside the settlement agreement because, he argued, it had become

---

[1] The parties had no minor children.

[2] This was presumably the quit claim deed to the property, but the record before us is unclear.

unconscionable in the ten years since the parties signed it. The family court heard arguments and the parties submitted memoranda, but for reasons that are unclear from the record before us, an order was never entered and neither party filed anything else with the family court at the time.

In 2023, Sybil re-noticed her motion to enforce the separation agreement and Brian again filed a response motion to set the agreement aside. Brian was still living in the home, as he had been since 2009. The record before us indicates the mortgage was paid off in 2012, and that Brian had stopped paying Sybil $300.00 per month in 2019. The parties again submitted memoranda and the family court decided the issue without a hearing. It ruled that Brian had not overcome the mandates of Kentucky Rules of Civil Procedure (CR) 60.02 to reopen the decree and denied his motion. It further ruled that the plain language of the separation agreement required Brian to convey the property to Sybil *before* Sybil was required to pay him $20,000.00. The family court ordered the Master Commissioner to convey Brian's interest in the marital home to Sybil. This appeal followed.

## STANDARD OF REVIEW

A trial court's ruling about CR 60.02 is reviewed for an abuse of discretion. *Lawson v. Lawson*, 290 S.W.3d 691, 693 (Ky. App. 2009). An abuse of discretion is defined as a decision that is "arbitrary, unreasonable, unfair, or

unsupported by legal principles." *Id.* at 694 (citation omitted). However, "[t]he construction and interpretation of a contract is a matter of law and is reviewed under the *de novo* standard." *Burch v. Thomas*, 677 S.W.3d 827, 830 (Ky. App. 2023) (citation omitted).

## ANALYSIS

Brian makes numerous arguments on appeal that are all equitable in nature. For example, he points to improvements and maintenance he has put into the home since 2009, for a reason that the agreement has since become unconscionable. Brian also points to Sybil's lack of action over the years. However, in order for the family court to consider Brian's arguments, he first had to meet his burden for reopening the final judgment under CR 60.02.

We begin by looking to Kentucky Revised Statute (KRS) 403.250(1) which provides,

> [e]xcept as otherwise provided in subsection (6) of KRS 403.180, the provisions of any decree respecting maintenance may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable. **The provisions as to property disposition may not be revoked or modified, unless the court finds the existence of conditions that justify the reopening of a judgment under the laws of this state**.

(Emphasis added.)

-4-

"[C]onditions that justify the reopening of a judgment under the laws of this state" refers to CR 60.02. *See, e.g.*, *Burke v. Sexton*, 814 S.W.2d 290, 291 (Ky. App. 1991). CR 60.02 provides,

> [o]n motion a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, order, or proceeding upon the following grounds: (a) mistake, inadvertence, surprise or excusable neglect; (b) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59.02; (c) perjury or falsified evidence; (d) fraud affecting the proceedings, other than perjury or falsified evidence; (e) the judgment is void, or has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (f) any other reason of an extraordinary nature justifying relief. The motion shall be made within a reasonable time, and on grounds (a), (b), and (c) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this rule does not affect the finality of a judgment or suspend its operation.

The family court found that Brian failed to assert any reason under CR 60.02 for it to set aside the decree of dissolution. This implicitly included "any other reason of an extraordinary nature" provided in CR 60.02(f). Brian asserts that there has been a change in circumstances since 2009, which has rendered the

separation agreement unconscionable under the "catch all" provision of CR 60.02(f). We disagree.[3]

"As an appellate court, we are constrained from overturning the findings of the trial judge unless they are clearly erroneous." *McMurry v. McMurry*, 957 S.W.2d 731, 733 (Ky. App. 1997) (internal quotation marks, citation, and brackets omitted). *See also* CR 52.01. KRS 403.250(1) provides clear guidance for modification of property disposition, including that the family court must find "the existence of conditions that justify the reopening of a judgment under the laws of this state." The family court found those conditions lacking. It did not abuse its discretion.

KRS 403.180(5) provides, in relevant part, that the "[t]erms of the [separation] agreement set forth in the decree are enforceable by all remedies available for enforcement of a judgment, including contempt, and *are enforceable as contract terms*." (Emphasis added.) The relevant terms of the parties' separation agreement are as follows:

---

[3] Brian cites various cases that fail to directly address CR 60.02. *See, e.g.*, *Rupley v. Rupley,* 776 S.W.2d 849, 852 (Ky. App. 1989), which is distinguishable. *Rupley* addressed whether the separation agreement incorporated into the decree was unconscionable. However, it was appealed immediately following entry of the decree of dissolution. On appeal were questions concerning the value of a corporation as marital property and whether the husband had made misrepresentations to the wife about said value during settlement negotiations. The issue was not whether the decree should have been reopened under CR 60.02.

9. [Brian] agrees to convey to [Sybil] and waive any claim to the following: The house and lot at 940 Idlewild Court, Lexington, Kentucky[.]

. . . .

12. [Sybil] shall pay [Brian] $20,000.00 within 60 days of [Brian] conveying his interest in 940 Idlewild Court to [Sybil].

. . . .

14. If [Sybil] cannot obtain a loan within 60 days, [Sybil] shall pay [Brian] the $20,000.00 within 60 days of obtaining the loan.

Brian argues the separation agreement placed no requirement on him to act first to convey the marital home to Sybil. Indeed, he argues that the reason the home was not conveyed is that Sybil was unable to secure the necessary funds. We agree with the family court that Sybil's ability to secure the funds is irrelevant at this point because the unambiguous terms of the contract require that Brian first convey the property to Sybil. "Convey" is a verb that requires a person (*i.e.*, Brian) "[t]o transfer or deliver (something, such as a right or property) to another, esp. by deed or other writing; esp., *to perform an act* that is intended to create one or more property interests, regardless of whether the act is actually effective to create those interests." *Convey*, BLACK'S LAW DICTIONARY (11th ed. 2019) (emphasis added). Brian failed to convey his interest in the home to Sybil. Although Sybil waited ten years to enforce the terms of the separation agreement,

she was nevertheless within the fifteen-year statute of limitations imposed by KRS 413.090(2). *Even if* we ignore CR 60.02, Brian failed to allege any change in circumstances that have made the terms of the separation agreement unconscionable. He states the change in circumstances is that Sybil, as drafter of the agreement, placed no affirmative duty on Brian to act. This is refuted by the plain language of the agreement.

Because the separation agreement is a contract, it is not subject to principles of equity in its interpretation. *Bailey v. Bailey*, 231 S.W.3d 793, 796 (Ky. App. 2007). Brian makes numerous equitable arguments regarding why the separation agreement should not be enforced, including laches, unjust enrichment, and equitable estoppel. These equitable arguments are "unavailable when the terms of an express contract control." *Superior Steel, Inc. v. Ascent at Roebling's Bridge, LLC*, 540 S.W.3d 770, 778 (Ky. 2017) (citations omitted). Here, the terms of the contract are clear and unambiguous: Brian was to act first to convey his interest in the home to Sybil, which he did not do.[4]

Finally, Brian argues he was entitled to an evidentiary hearing. We note that the order on appeal states that the parties "agreed to submit this matter on the record[.]" This is neither refuted nor confirmed by the record before us. When

---

[4] Brian also argues that he is entitled to interest. Because we are affirming the family court's interpretation of the settlement agreement as a contract, we decline to address this argument.

Sybil filed her initial motion for enforcement of the separation agreement in 2019, the family court conducted a hearing and instructed the parties to submit relevant caselaw to support their arguments. The parties did so, but the family court never entered an order. Sybil filed her renewed motion for enforcement of the separation agreement on February 10, 2023, and noticed it to be heard by the family court on February 24, 2023.[5] Brian filed a response motion and requested an evidentiary hearing. Sybil filed a reply. Sybil's motion was re-noticed for March 3, 2023; however, if the family court heard the motion, the hearing does not appear in the record before us. As a result, it is unknown if the parties agreed to submit the case to the court at a hearing or if the family court was referring to the original motion filed in 2019. "We must presume that the missing parts of the record support the findings of the trial court." *Brannock v. Brannock*, 598 S.W.3d 91, 95 (Ky. App. 2019) (citation omitted). After the trial court entered its order, Brian filed a motion to alter, amend, or vacate, which was heard by the family court on April 7, 2023. The family court reiterated that this was a matter of contract interpretation and that opening the entire case back up for an evidentiary hearing on equitable issues was inappropriate. For the reasons stated *supra*, we agree.

---

[5] There was a new presiding judge in the family court in 2023.

## CONCLUSION

For the reasons stated herein, we affirm the order of the Fayette Family Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Jason Rapp
Lexington, Kentucky

BRIEF FOR APPELLEE:

Della C. Cummings
Lexington, Kentucky