RENDERED:  MAY 2, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1339-MR

GREGORY HIGGS                                             APPELLANT

|  |  |
|---|---|
| v. | APPEAL FROM JEFFERSON CIRCUIT COURT<br>HONORABLE DERWIN L. WEBB, JUDGE<br>ACTION NO. 22-CI-503310 |

ASHLEY SUSAN HIGGS                                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, KAREM, AND LAMBERT, JUDGES.

ACREE, JUDGE:  Gregory Higgs appeals the Jefferson Circuit Court, Family Division's order denying his CR[1] 60.02 motion for relief from judgment.  Gregory alleges Ashley Higgs procured a divorce by fraudulently signing his name on various documents.  We affirm.

---

[1] Kentucky Rules of Civil Procedure.

The family court entered a decree of dissolution in November 2022. Nine months later, Gregory filed a motion for relief from judgment pursuant to CR 60.02. The family court denied the motion by order of record and subsequently denied Gregory's CR 52.02 motion for additional or amended findings. This appeal followed. We develop the factual background further as necessary.

The factual premise of Gregory's claim is that Ashley signed his name to various documents in her *pro se* divorce packet without his consent and, although he accompanied her to the public notary, he did not know what was being notarized. The only discernible CR 60.02 grounds suiting this allegation are subsections (c) and (d), which he cites.

To the extent Gregory raised new arguments in his subsequent CR 52.02 motion (making portions of it more akin to a CR 59.05 motion to alter, amend, or vacate), they will not be considered. Such motions cannot be used "to raise arguments and to introduce evidence that should have been presented during the proceedings before the entry of the judgment." *Gullion v. Gullion*, 163 S.W.3d 888, 893 (Ky. 2005) (discussing CR 59.05). As those arguments were not timely raised before the family court, we decline to consider them, and in any event, they rest on the same factual premise as Gregory's other CR 60.02 arguments.

There is no dispute Gregory did not physically sign the documents at issue. But it is also undisputed Gregory accompanied Ashley to the notary public

-2-

to have the documents Ashley signed for both of them notarized. The family court made a finding that Gregory's purpose in accompanying Ashley was "to verify that he was aware of the documents and that he had no objection to her signing on his behalf." (Record (R.) 93.) The family court went on to find Gregory thus "appeared to give his consent for [Ashley] to sign on his behalf." (R. 94.) Having rejected Gregory's factual premise amounting to fraud, the family court observed Gregory asserted no allegations of fraud "other than" that factual premise. (*Id.*) In rejecting Gregory's subsequent CR 52.02 motion, the family court reiterated that Gregory "appeared at [the notary public] voluntarily and presumably had the opportunity to review any documents to be notarized if he wished to do so. As such, he cannot now claim that he was unaware of the content of said documents, which is what he is attempting to do." (R. 112.) Put simply, the family court found Gregory consented to Ashley signing on his behalf and found no credibility in his contention he lacked knowledge as to the nature of the documents.

"Our standard of review for a trial court's denial of a CR 60.02 motion is abuse of discretion. The test for abuse of discretion is whether the trial court's decision is arbitrary, unreasonable, unfair, or unsupported by legal principles." *Lawson v. Lawson*, 290 S.W.3d 691, 693-94 (Ky. App. 2009) (citations omitted). We review a family court's findings for clear error, and "[c]lear error only occurs when there is not substantial evidence in the record to

support the trial court's findings." *Elsea v. Day*, 448 S.W.3d 259, 263 (Ky. App. 2014); CR 52.01.

As Gregory premised his request for relief pursuant to CR 60.02 on a factual premise rejected by the family court, he can only prevail on appeal by demonstrating the family court's findings rejecting his factual premise were not supported by substantial evidence.

Germane to the instant case, in which we have not been furnished with the video record, "It has long been held that, when the complete record is not before the appellate court, that court must assume that the omitted record supports the decision of the trial court." *Commonwealth v. Thompson*, 697 S.W.2d 143, 145 (Ky. 1985). We necessarily presume the testimony elicited at the hearing on Gregory's motion supported the trial court's findings. Further, even were the testimony available for our review, "Deciding which witness to believe is within the sound discretion of the family court as fact-finder; we will not second-guess the family court, which had the opportunity to observe the parties and assess their credibility." *Hunter v. Mena*, 302 S.W.3d 93, 98 (Ky. App. 2010).

Finding no error, we affirm the Jefferson Circuit Court, Family Division's September 29, 2023 order denying Gregory's CR 60.02 motion.

ALL CONCUR.

-4-

BRIEF FOR APPELLANT:                NO BRIEF FOR APPELLEE.

Ethan Chase
Juliana H. Reczek
Louisville, Kentucky