RENDERED:  MAY 8, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1408-MR

S.N.T.                                                                                    APPELLANT


v.          APPEAL FROM KENTON FAMILY COURT
            HONORABLE THOMAS A. RAUF, JUDGE
            ACTION NO. 20-CI-01472


M.P.                                                                                        APPELLEE


AND


NO. 2025-CA-0233-ME

S.N.T.                                                                                    APPELLANT


v.          APPEAL FROM KENTON FAMILY COURT
            HONORABLE THOMAS A. RAUF, JUDGE
            ACTION NO. 19-AD-00135


M.P. AND M.J.K.T. (A CHILD)                                              APPELLEES

** ** ** ** **

BEFORE:  CALDWELL, L. JONES, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  S.N.T. brings Appeal No. 2024-CA-1408-MR from Findings of Fact, Conclusions of Law and Orders entered by the Kenton Family Court on October 18, 2024, dismissing her petition for visitation and brings Appeal No. 2025-CA-0233-ME from an Order Denying her motion to annul or vacate the adoption of her minor child entered February 19, 2025.  For the reasons stated, we affirm both appeals.

## INTRODUCTION

This case involves two appeals from separate actions in the Kenton Family Court, regarding the adoption of and visitation with the minor child, M.J.K.T.  The cases have the same parties and overlapping issues.  For judicial economy and expediency, the Court has considered the appeals together.

In Appeal No. 2025-CA-0233-ME (Adoption appeal), S.N.T. is appealing the denial of her motion to annul or vacate the Judgment of Adoption entered on November 2, 2020.  The adoption judgment was not appealed and the motion to annul or vacate was filed on November 26, 2024.

In Appeal No. 2024-CA-1408-MR (Visitation appeal), S.N.T. is appealing the dismissal of her petition for visitation with M.J.K.T., filed in a

-2-

separate action from the adoption, on October 15, 2020. As noted, the order denying the petition was entered on October 18, 2024.

## BACKGROUND

M.J.K.T. was born in July of 2016 to S.N.T., then an unmarried minor. Appellees, J.P., a cousin of S.N.T., and his wife, M.P., took physical custody of M.J.K.T. in August of 2018.[1] They were awarded permanent custody as nonparental custodians by order entered May 1, 2019, in a dependency/neglect or abuse action (DNA) in Campbell County. (Campbell Family Court Case 16-J-361-003). Adoption Record at 13-15. The Campbell Family Court found that as nonparents, J.P. and M.P. had standing to pursue custody due to having had physical custody since August of 2018. Additionally, S.N.T. agreed to their permanent custody. Adoption Record at 14.

On September 6, 2019, J.P. and M.P. filed in Kenton Family Court, a joint petition for adoption and for involuntary termination of the parental rights of S.N.T. and the child's biological father.[2] (Kenton Family Court Case 19-AD-00135). S.N.T. was appointed counsel who filed an answer asking the court to overrule the petition. The court held a virtual evidentiary hearing in the case, due to COVID-19 restrictions, on September 4, 2020, and October 9, 2020. J.P. and

---

[1] J.P. passed away during the pendency of these proceedings.

[2] The biological father did not appeal the termination of his parental rights.

M.P. appeared, represented by counsel, as did S.N.T., also represented by counsel. The biological father, who also had been appointed counsel by the court, was incarcerated in Ohio and attended the hearing by telephone.

On the second day of hearings, the attorney for J.P. and M.P. informed the court that the attorneys were trying to come up with an agreement for S.N.T. to consent to adoption while also retaining an opportunity to participate in the child's life. 10/9/2020 hearing at 11:45. After a short break in the proceedings, S.N.T.'s attorney reported that S.N.T. would be filing a petition for visitation in a separate action and that "in consideration for" J.P. and M.P. agreeing to entry of an Agreed Order regarding visitation, S.N.T. would be consenting to the adoption. 10/9/2020 hearing at 1:36. During the hearing, S.N.T. signed an Appearance Waiver and Consent to Adoption. Adoption Record at 143-44. S.N.T. thereafter was questioned on the record by her attorney and affirmed that she signed the document (AOC Form 292) and that she was knowingly and voluntarily giving consent to the adoption of her child. 10/9/2020 hearing at 2:04.[3]

On November 2, 2020, the Kenton Family Court entered a judgment in the adoption case terminating S.N.T.'s parental rights, that included detailed findings of fact and conclusions of law. On the same date, the family court entered

---

[3] An Agreed Order regarding conditional visitation was entered by the family court in the visitation action (Case No. 20-CI-1472) on November 4, 2020.

a Judgment of Adoption, along with Adoption Findings of Fact and Conclusions of Law. Neither the judgment granting the adoption nor the judgment terminating S.N.T.'s parental rights were appealed.

Based on the agreement reached in the adoption proceeding, S.N.T. filed the visitation action on October 15, 2020, prior to termination of the adoption proceeding and entry of judgment. After the adoption judgment was entered, the family court then entered the Agreed Order in the visitation action regarding conditional visitation on November 4, 2020, which was the primary premise for filing the visitation action.[4] Almost four years later, on October 18, 2024, the family court entered Findings of Fact, Conclusions of Law and Orders, vacating the Agreed Order and dismissing S.N.T.'s visitation action. S.N.T. timely appealed the court's orders.

On November 26, 2024, S.N.T. then filed a motion in the adoption action pursuant to Kentucky Rules of Civil Procedure (CR) 60.02 to annul or vacate the adoption and requested a hearing. She asserted that she had been awarded visitation by the Agreed Order, but had been denied contact or visitation with her child. Adoption Record at 158. S.N.T. maintained that her consent to terminate parental rights was predicated upon her conditional right to visitation as

---

[4] The adoption judgment was signed by the family court judge on October 20, 2020, but not filed of record until November 2, 2020. There is no explanation in the record for the delay of entry.

set out in the Agreed Order. Upon being denied visitation by the family court, she argued that her consent to the adoption and termination of her parental rights had been induced by fraud, duress, undue influence or mistake, and denial of due process. Adoption Record at 158-59. Additionally, she also argued that the adoption judgment had not terminated all of her parental rights and was thus void *ab initio*. As noted, on February 19, 2025, the family court entered an Order Denying S.N.T.'s CR 60.02 motion to annul or vacate the adoption. S.N.T. also timely appealed that order.

## STANDARD OF REVIEW

In the adoption appeal, S.N.T. appeals the denial of her motion to annul or vacate the adoption pursuant to CR 60.02. This Court's longstanding standard of review for a lower court's denial of a CR 60.02 motion is abuse of discretion. *Fortney v. Mahan*, 302 S.W.2d 842, 843 (Ky. 1957). The test for abuse of discretion is whether the lower court's decision is arbitrary, unreasonable, or unsupported by legal principles. *Goodyear Tire & Rubber Co. v. Thompson*, 11 S.W.3d 575, 581 (Ky. 2000). *See also Lawson v. Lawson*, 290 S.W.3d 691, 693-94 (Ky. App. 2009). Any questions of law raised on appeal are reviewed *de novo*. *J.P.T. v. Cabinet for Health and Fam. Servs.*, 689 S.W.3d 149, 158 (Ky. App. 2024).

-6-

As concerns the visitation appeal, the parties submitted the case to the family court based on their briefs, including S.N.T.'s verified response. The family court made detailed findings of fact and conclusions of law. Accordingly, our review is guided by CR 52.01, whereupon the circuit court's findings of fact will not be disturbed unless clearly erroneous. *Frances v. Frances*, 266 S.W.3d 754, 756 (Ky. 2008). Findings of fact are not clearly erroneous if supported by substantial evidence of a probative value. *Id.* at 756. If the findings of fact are supported by substantial evidence, the court's decision will not be disturbed absent an abuse of discretion. *Id.* Again, any issues of law are reviewed *de novo*. *J.P.T.*, 689 S.W.3d at 158. Our review proceeds accordingly.

<u>ANALYSIS</u>

To begin our review, in order to properly address the legal issues raised, we will address the adoption appeal first and then the visitation appeal.

<u>Adoption Appeal (2025-CA-0233-ME)</u>

The primary basis for the family court's denial of S.N.T.'s motion to annul or vacate the adoption looks to Kentucky Revised Statutes (KRS) 199.540. That statute sets out a limitation period for attacking a judgment of adoption and reads as follows:

> After the expiration of one (1) year from the date of the entry of judgment of adoption, the validity thereof shall not be subject to attack in any action, collateral or direct, by reason of any irregularity or failure to comply with

-7-

KRS 199.470 to 199.520, either procedurally or substantively.

As noted, the motion challenging the adoption was filed almost four years after the judgment was entered. KRS 199.540 is "as absolute as statutory language will allow, leaving the possibility of attack after one year available only in the most extraordinary cases." *S.J.L.S. v. T.L.S.*, 265 S.W.3d 804, 829 (Ky. App. 2008). The statute's purpose is to ensure "the finality of adoption judgments, thereby minimizing the potential for traumatic changes in the lives of adoptive parents and children long after their relationship has been formalized." *Storm v. Mullins*, 199 S.W.3d 156, 161 (Ky. 2006). "Even absent a statute, 'courts have been hesitant to upset an adoption decree' for 'lack of requisite consent or such other procedural irregularity.'" *S.J.L.S.*, 265 S.W.3d at 829 (quoting *Allen v. Martin*, 735 S.W.2d 332, 333 (Ky. App. 1987)).

Nevertheless, S.N.T. argues the court erred in finding she is subject to the limitation. She relies on *Storm*, 199 S.W.3d 156, in which the Kentucky Supreme Court held that the limitation statute is not absolute under Kentucky case law. In *Storm*, the Court stated that a possible exception had earlier been recognized when an adoption is alleged to have been obtained by fraud. *Id*. at 161. The Court also held that despite the limitations bar, a party who has been denied due process may be heard on a petition to set aside the adoption. *Id*. at 162. The Court then clarified that it had "never allowed an exception to the limitation period

merely for a failure to follow the procedural requirements" and that the limitations statute specifically bars such a challenge. *Id*. at 162. Indeed, in *Storm*, the Court upheld the bar to the challenge before it in that case.

In this appeal, S.N.T. argues that the adoption was procured by fraud and that she did not receive due process of law. Neither of these arguments withstand scrutiny based on the facts presented. A fraud exception to KRS 199.540 is only recognized "when an adoption is effected by means of a fraud practiced upon the court, whether by means of a forgery or otherwise[.]" *S.J.L.S.*, 265 S.W.3d at 830 (citing *Jones v. Sutton*, 255 S.W.2d 658, 659 (Ky. 1953)). This Court has explained previously in an adoption action that "[t]o constitute fraud in procuring a judgment the court rendering the judgment must be deceived; material facts must be concealed from it which, if disclosed, would have caused it to render a different judgment." *S.J.L.S.*, 265 S.W.3d at 831 (citations omitted). To show actual fraud, "there must be some material misrepresentation made with the knowledge that it was false and with the intent that it be acted upon." *Boatwright v. Walker*, 715 S.W.2d 237, 243 (Ky. App. 1986). Here, the family court correctly found that nothing in this case equated to an extraordinary case of fraud. The record shows the court and the parties were fully apprised of accurate facts in the case, and there was no forgery or deception involved in the case.

While S.N.T. alleges she was deceived in order to gain her consent to the adoption in return for conditional visitation which was withdrawn, this is not reflected in the record of the adoption. S.N.T. was represented by counsel at the hearing in 2020.[5] S.N.T. signed the AOC Form 292 at the hearing on October 9, 2020, that was filed in the record. On the form, S.N.T. initialed the statement that the legal effect of consent had been explained to her. She initialed the statement that she had not been coerced, or given or promised anything of value to give her consent to the adoption. She acknowledged therein that the adoption was final and irrevocable after 72 hours, and that she voluntarily and knowingly gave informed consent to the adoption. Adoption Record at 143. She testified at the hearing that she had an opportunity to review the Form 292 and received the advice of counsel before signing. 10/9/2020 hearing at 2:04. She affirmed at the hearing that she signed the form and that she was knowingly and voluntarily giving consent to the adoption of her child. She also agreed that she had not been coerced or promised anything in order to execute her consent. 10/9/2020 hearing at 2:06. Perhaps most

---

[5] Kentucky Revised Statutes 199.011(18) provides in part that: "[i]f at the time of the execution of the consent the consenting person was represented by independent legal counsel, there shall be a presumption that the consent was voluntary and informed."

importantly, the Agreed Order upon which she places total reliance in this appeal is not part of the record nor was it entered in the adoption case.[6]

As concerns S.N.T.'s reliance on the Agreed Order in the visitation case, the court noted that the Agreed Order conditioned visitation upon the child's therapist's recommendation, and found: "Respondent knew that visitation, if it occurred at all, had its narrow limitations and was not the certain guarantee of visitation that she argues it to be." Adoption Record at 198. Indeed, S.N.T. did not seek legal redress of her lack of visitation in the visitation case for almost two years after the Judgment of Adoption was entered. We would also emphasize that while the terms of the Agreed Order were read at the adoption hearing, the actual order was not signed and entered until after the adoption judgment had been entered and again, was not entered as part of the adoption record below. Trial courts speak only through written orders. *Taylor v. Fitzpatrick*, 659 S.W.3d 745, 749 (Ky. App. 2023). Any findings of fact or conclusions of law made at an evidentiary hearing must be incorporated into a written order or judgment. *Id.* That did not occur in the adoption proceeding as concerns the Agreed Order. Accordingly, based on our review of the record and applicable law, S.N.T. failed to

---

[6] The Agreed Order is discussed by the family court in the Findings of Fact and Conclusions of Law for the termination of S.N.T.'s parental rights. Adoption Record at 131. However, the ruling of the family court in the termination proceeding was not challenged below or raised as an issue in this appeal. The Agreed Order is not referenced in the Adoption Judgment. In the court's order entered February 19, 2025, in the adoption case, the court notes that the Agreed Order was void *ab initio* as set out in the court's October 18, 2024, order in the visitation case.

-11-

establish any fraud in the adoption proceeding to overcome the one-year statute of limitation.

Next, the family court correctly held that there was no due process violation based on the facts of this case. The minimum requirements of due process require adequate notice and a meaningful opportunity to be heard. *W.R.G. v. K.C.*, 673 S.W.3d 81, 84 (Ky. App. 2023). S.N.T. was provided her fundamental rights since she had notice, she appeared at the court hearings, she testified in the two days of hearings, and was represented by counsel. On appeal, S.N.T. makes a conclusory argument that she was deprived of the opportunity to be heard because her consent was obtained by fraud, but she cites no legal authority for this assertion. The record refutes her argument where she affirmed that she was not coerced or promised anything in return for giving consent. She had the opportunity to object, yet S.N.T. affirmed that her consent was given freely. There exists no legal basis for asserting lack of due process.

Thus, we agree with the family court that KRS 199.540 bars S.N.T.'s challenge to the adoption based upon the one-year statute of limitation.

Visitation Appeal (2024-CA-1408-MR)

Like S.N.T.'s challenge to the adoption, the primary premise for the visitation petition was the Agreed Order that was, in fact, entered in the record below on November 4, 2020. Visitation Record at 9-10. While the court made

substantial findings, the court concluded as a matter of law that the Agreed Order was void *ab initio*.[7]  For the reasons stated, we agree.

S.N.T.'s arguments in this appeal are basically the same as those raised in the adoption appeal.  Effectively, S.N.T. argues that fraud and denial of due process warrant setting aside the adoption judgment, which this Court had declined to do as previously discussed.  This Court has thoroughly researched applicable law and can find no authority in Kentucky that would allow a family court to grant visitation to a parent whose parental rights were terminated.  We agree with the family court's analysis that such action would violate and undermine the statutory mandate in KRS 199.520(2) that recognizes that the legal relationship between the adopted child and the biological parent is terminated upon consummation of the adoption.  Such an order would also undermine KRS 199.502 where the biological parent's parental rights are terminated in conjunction with the adoption.

We must agree with M.P.'s argument that the aforesaid legislative scheme reflects a legislative policy that an adoption serves as a "clean break" from the biological parents.  *J.S.B. v. S.R.V.*, 630 S.W.3d 693, 699-700 (Ky. 2021).  This

---

[7] The Agreed Order, Judgment of Adoption and Judgment Terminating Parental Rights were entered by Judge Christopher Mehling, who initially presided over both actions.  Judge Mehling retired in December of 2022, and was succeeded in both actions by Judge Thomas A. Rauf in 2023.  Judge Rauf entered the orders on appeal in this case.

is clearly the legislative intent behind these statutes and there is no provision therein for visitation by a biological parent whose rights have been terminated and the child has been adopted. Thus, the Agreed Order was void *ab initio* under the facts of this case as a matter of law.

For the foregoing reasons, the underlying orders entered in Appeal No. 2024-CA-1408-MR and Appeal No. 2025-CA-0233-ME are affirmed.

ALL CONCUR.

| BRIEFS FOR APPELLANT: | BRIEFS FOR APPELLEES: |
|---|---|
| John Fortner<br>Covington, Kentucky | Emily M. DeSantis<br>Covington, Kentucky |